Action by Eunice Williams joined by her husband, John B. Williams and John B. Williams, individually, against the City of Miami, a municipal corporation, located in Dade County, Florida, for damages for breach of contract. From judgment for plaintiffs, defendant appeals.
Affirmed.
Eunice Williams and her husband, John B. Williams, and John B. Williams, individually, sued the City of Miami, the owner and operator of Jackson Memorial Hospital, for damages arising out of the breach of a contract. The declaration contained twenty counts. Count one alleged that Eunice Williams entered the Jackson Memorial Hospital for the removal of a fibroid tumor of the uterus, and the servants and employees of the hospital prepared her for the operation on the night of June 1, *Page 206 
1944, and in so doing negligently and carelessly prepared and administered a solution of potassium permanganate which oxidized and corroded the plaintiff's bladder, proximately resulting in injuries to the plaintiff. Count two alleged the breach of the contract by the defendant in that its employees instilled potassium permanganate in the plaintiff's bladder. Count three alleged the installation as in count two, but permitted it to remain in the plaintiff's bladder overnight.
It is not necessary to recite the allegations of the remaining counts of the declaration. The defendant filed a plea of not guilty addressed to each of the twenty counts and additional special pleas thereto were filed making issues on pertinent allegations of the several counts of the declaration. The issues were submitted to a jury under appropriate instructions by the trial court, which resulted in a verdict of $12,500 for Eunice Williams and a verdict in behalf of the defendant as to the claims of the husband. A motion for a new trial was made and denied. Judgment on the verdict was entered and the defendant-appellant perfected an appeal here.
It is contended by counsel for the appellant that the evidence adduced by the plaintiffs-appellees was legally insufficient to sustain the verdict and judgment entered below. Emphasis is placed on the lack of evidence to establish the allegation that "the purplish-brownish colored fluid" removed from the bladder of Mrs. Williams was potassium permanganate. A fair summary of all the evidence adduced is set forth in appellant's brief. It is true, as pointed out by counsel, that a laboratory test was not made of the fluid removed from the bladder. There is in the record expert testimony to the effect that the solution was "potassium permanganate mixed with urine". There is testimony to sustain the contention that the solution was not potassium permanganate. Our conclusion is that the disputes and conflicts in the testimony, under our judicial system, were for the jury under appropriate instructions by the trial court and this court has no power to substitute its judgment for that of the jury. See Davis v. Equitable Life Assurance Society, 149 Fla. 678, 6 So.2d 842.
One of the physicians produced by the plaintiffs testified in the court below as to experiments with potassium permanganate over the objections of counsel for appellant. The witness placed two or three crystals of potassium permanganate on a cotton pad and strapped it to his underarm with adhesive tape; the cotton was then dampened so the crystals could form a solution; after about one-half hour the witness felt pain and approximately two hours afterwards the crystals had burned through the epidermis and the place was inflamed and sore; the crystals were removed and a sore appeared, along a blackened irregular patch of burned skin, requiring eight or nine days to heal. The objection to the evidence was that there was a dissimilarity between the skin of the bladder of the plaintiff and the arm of the witness, or the circumstances and conditions of the two areas were so dissimilar that harmful error to the defendant below resulted. We are unable to agree with the contention that harmful error resulted. While the circumstances surrounding the experiment and surrounding the injection of the potassium permanganate into the plaintiff's bladder may have been dissimilar, our view is that the evidence was so clear that potassium permanganate was improperly used and that it would produce an injury, that the action of the judge in permitting the experiment did not operate to the prejudice of the defendant.
It appears by the record that the City of Miami, during the progress of the trial, was represented by attorneys Murrell, Fleming and Carson. Dr. Rentz was called and testified in the court below in behalf of the plaintiff-appellees. One of the attorneys for the defendant objected to a question propounded by counsel for plaintiffs to the witness. Shortly thereafter an objection was made by the second attorney to a question, and objections were made by the third attorney for the defendant; By the Court: "Who is in charge of the case for the city? I don't understand the procedure by which any one of three lawyers get up and make objections. *Page 207 
Will you gentlemen please decide which one is in charge of the case, and let that one make the objections. It is confusing to have three lawyers handle the case for one party. I wish you would decide who is in charge of the case." Mr. Murrell: "May we ask the Court to please have the jury excused." The Court: "Just as soon as he is finished with direct examination." * * By Mr. Carson: "The City respectfully moves the Court to declare a mistrial in this case. I want to make the grounds, and say with utmost respect to the Court * * *" The Court: "Don't apologize; don't make any statements." Mr. Carson: "The Court, just before the jury retired, with apparent showing of anger at counsel for the City, criticized counsel for the City before the jury on the grounds that more than one making objections, and that made it appear to the jury that the City counsel were in some manner taking advantage of the situation; and that the same thing on yesterday was done by counsel for the plaintiff on several occasions, and at which the Court took no offense and made no remarks — and we believe it is harmful to the City — and for that reason a mistrial should be declared. It cannot be erased from the minds of the jury". The Court: "Motion denied".
It is contended that the proceeding supra was prejudicial to the defendant-appellant and it was the duty of the trial court to grant a mistrial. It is well settled that a Judge in conducting a jury trial is charged with the solemn duty of administering the law fairly, honestly and impartially between litigants. In accomplishing this objective the law vests in him broad discretionary powers. One of these duties is for the Judge to see that the trial is conducted in an orderly manner and at all times kept within the bounds prescribed by decency and ordinary rules of good conduct. Each step of the proceeding should be taken in an atmosphere of absolute impartiality, as the cold neutrality of both a court and jury is indispensable to the administration of justice. 53 Am.Jur. 74-75. Supreme Court Rule No. 59 reads: "Only one counsel on each side shall conduct the examination of witnesses except by permission of the court." See Florida Motor Lines Corp. v. Barry, 158 Fla. 123, 27 So.2d 753.
We fail to find error in the record.
Affirmed.
ADAMS, C.J., and SEBRING and HOBSON, JJ., concur.