PER CURIAM.
The appellants, who were defendants in the trial court, suffered a final judgment in the amount of $1500 after a jury trial. On this appeal the principal point presented urges that the appellants are entitled to a reversal because the proof at trial did not establish liability 'under the allegations of the complaint. The complaint was framed upon a theory of negligent nuisance and trespass. Appellants rely principally upon Beckman v. Marshall, Fla.1956, 85 So.2d 552. In the Beckman case the Supreme Court reversed a decree which (1) enjoined the appellant from operating a day nursery and (2) awarded damages upon the ground that the day nursery was a private nuisance. We think that the holding in the Beckman case is not applicable to the case at bar, inasmuch as it is clear from the complaint and the pretrial conference that appellee’s claim here was based in part upon a claimed physical trespass which was proved at trial. The issues to be tried were set forth fully in a pretrial conference order, paragraph one of which reads as follows:
“1. The issues in this cause arose by virtue of the Defendants acting as General Contractors for the construction of a hotel and motel on lands located on the northeast boundary of the Plaintiff’s property and contiguous thereto and that during the construction of said improvements aforementioned the Defendants did trespass upon the premises of the Plaintiff’s by parking equipment thereon and dumping refuse, silt and mud upon the property and parking area of the Plaintiff and discharging refuse and trash from the upper floors of said improvements, said trash and refuse striking the buildings and equipment appurtenant thereto causing damage to the Plaintiff’s property and interfering with the normal operation of the Plaintiff’s business by excessive noise, the dumping of the refuse and trash on the Plaintiff’s premises and the dumping of refuse, silt and mud on the Plaintiff’s parking area and by removing and jeopardizing the lateral support of the Plaintiff’s property by excavating along the boundary line dividing the Plaintiff’s property from that on which the Defendants were making improvements.”
A review of the record demonstrates that the appellee’s allegations of trespass were fully proved at trial. Cf. North Dade Wa *259 ter Co. v. Adken Land Co., Fla.App 1961, 130 So.2d 894.
Appellants’ remaining points fail to demonstrate error because the matters complained of are within the sound judicial discretion of the trial court. See City of Miami v. Williams, Fla.1949, 40 So.2d 205; Rose v. Yuille, Fla.1956, 88 So.2d 318.
Affirmed.