170 So.2d 62 (1964)
WOFFORD BEACH HOTEL, INC., a Florida corporation, Appellant,
v.
Mary GLASS and Max Glass, her husband, Appellees.
No. 64-378.
District Court of Appeal of Florida. Third District.
December 22, 1964.
Rehearing Denied January 12, 1965.
Paul P. Meltzer, Richard Yale Feder and Murray Goldman, Miami, for appellant.
Sherouse & Corlett, Richard M. Gale, Miami, for appellees.
Before CARROLL, HORTON and TILLMAN PEARSON, JJ.
TILLMAN PEARSON, Judge.
The appellees, Mary Glass and her husband, recovered a $30,000 judgment in a slip-and-fall case. The fall occurred in *63 the lobby of appellant's hotel. We reverse and remand for a new trial.
The hotel on this appeal has urged first that the court erred in failing to direct a verdict for the appellant. Our examination of the record in light of the briefs and oral argument reveals an adequate basis for the verdict in the record.
Appellant's remaining points urge that it was entitled to a new trial because of certain procedural errors. The first procedural error claimed is the admission of testimony as to an experiment conducted by an expert on behalf of the plaintiff to prove the degree of coefficient of friction between an ordinary leather shoe and defendant's floor at the place of the accident. The objection made is that the experiment was not close enough in time and place to be relevant. We hold that the experiment was substantially similar and that the trial court correctly admitted the testimony of the expert. Huff v. Belcastro, Fla.App. 1961, 127 So.2d 476.
Appellant seeks a new trial upon the basis of remarks made by the trial judge and upon the admission into evidence of a prior consistent statement in order to avoid the effect of impeachment of one of plaintiff's principal witnesses by a prior inconsistent statement. Inasmuch as these two points arose out of the same matter in the trial court, we will discuss them together.
One of the plaintiff's most important witnesses was an elderly gentleman who was an eyewitness to the accident. On the stand he stated that he observed water in the area of the fall immediately after plaintiff's fall. The defense produced a prior inconsistent statement which was properly admitted as impeachment of the witness. The plaintiff attempted to re-establish this witness with a prior consistent statement. This statement was admitted. The admission of the prior consistent statement as a method of re-establishing plaintiff's witness was improper. See Van Gallon v. State, Fla. 1951, 50 So.2d 882. This Court has recently recognized this rule although noting an exception in the case where the prior consistent statement may be relevant to rebut the charge of recent fabrication. See Jackman v. State, Fla.App. 1962, 140 So.2d 627. The exception is not applicable here and the court committed error in allowing its introduction. The error of the admission of the prior consistent statement was aggravated by the trial judge's comments in the presence of the jury at the time of his ruling. It has frenquently been pointed out that comments by a trial judge may have a devastating effect in the trial of the cause. City of Miami v. Williams, Fla. 1949, 40 So.2d 205. In the present instance the trial judge in ruling upon defendant's objection to the evidence gratuitously commented "you cannot tie this man's hand behind his back and beat his other hand." This uncalled for remark was objected to and motion for mistrial was made and denied. It is apparent that this remark coming at a crucial time in the trial after heated exchanges by the lawyers involved was such as to impute unfairness and an overreaching on the part of the defense. We think that the combined effect of the error in the admission of the prior consistent statement, and the judge's comment was such as to constitute reversible error. These matters were presented upon motion for new trial and the new trial should have been granted.
One other procedural error must be mentioned. An issue in the case was whether or not the defendant was negligent in the maintenance of its lobby and, in particular, the area where the fall occurred, which was a series of three terrazzo steps. These steps were 91 inches long. It was contended that a hand rail should have been provided. In attempting to establish such a need, an ordinance of the City of Miami Beach requiring hand rails under such circumstances was introduced. However, the ordinance on its face did not apply to defendant's hotel because of *64 an exception provided in it for buildings constructed prior to its passage. The fact that the ordinance was not applicable to defendant's hotel was made known to the jury. We do not find it necessary to pass upon whether it was harmful error to admit the ordinance because the trial judge, in error, instructed that the violation of the ordinance would be evidence of negligence. The instruction was apparently inadvertently given after the court indicated that it would not be granted. Objection to the inadvertently given instruction was not preserved which would usually preclude review of the matter on appeal. See Rule 2.6(b) Florida Rules of Civil Procedure, 31 F.S.A.; Jones v. Atlantic Coast Line R.R., Fla.App. 1960, 117 So.2d 234. Nevertheless, we hold that an erroneously given instruction based upon the introduction of an inapplicable ordinance was such fundamental error that a fair trial could not have resulted and a new trial must be granted. In Louisville & Nashville R.R. v. Flournoy, Fla.App. 1961, 136 So.2d 32, it was held that when a court gives independent charges to the jury, the party adversely affected is not required, prior to retirement of the jury to consider its verdict, to note objection to a charge as to which he had no notice prior to the time it was given to the jury. This is especially true where the charge is of such nature as is likely to lead to confusion or create an unfavorable impression not readily removable from the minds of the jurors.
We have considered other errors urged by the appellant and do not find that they present reversible error except as to those assignments directed to the assessment of costs. Inasmuch as it is necessary to reverse the final judgment, we reverse the judgment for costs to await the outcome of the new trial.
Reversed with directions to enter an order granting defendant's motion for a new trial.