JOHNSON, Judge.
This is an appeal from a final judgment based upon a jury verdict of not guilty.
The cause of action came within and was governed by Chapter 769, Florida Statutes, F.S.A., which pertains to Extra Hazardous Occupations. This was admitted by the appellee and so recognized by the trial court.
Briefly stated the facts are: the appellant was an employee of appellee and while working at or on a conveyor belt, handling packages and preventing pile ups, a package caught in the conveyor and while trying to remove the package, got his fingers and hand pulled into the conveyor belt and crushed or mangled between two *49 steel rollers, which resulted in the damages claimed in this cause.
It appears that in a chambers discussion, the trial court admitted, in a discussion of charges, that contributory negligence would not be an absolute bar to recovery, but in giving his instructions to the jury, the judge gave only the first sentence of Section 769.03, Florida Statutes, F.S.A., by charging the jury that:
“The Florida Statute under which this case is being tried provides that persons engaged in the express business shall not be liable in damages for injuries to their employees where the same is caused by their own negligence.”
The second sentence of Section 769.03 provides that if the express company and the employee are both “at fault,” there may be a recovery, but the amount of the recovery shall be such a proportion of the entire damages sustained, as the defendant’s negligence bears to the combined negligence of both the plaintiff and defendant.
In the absence of the correct instruction as to the whole law the jury could have been and may have been in the case sub judice, led into the erroneous belief that under Florida law, any negligence on the part of the employee barred his recovery absolute. Therefore we think and so hold, that the trial court was in error in not giving an instruction to the jury, which covered the whole law. That by giving only that portion of the law favorable to the defendant express company, the plaintiff’s case was prejudiced thereby, and the fact that the trial court intended to give such charge, but didn’t, does not heal the error.
Appellee raised the question of F.R.C.P. Rule 1.470(b) 30 F.S.A., not having been complied with by the appellant as constituting a bar to his raising the question.
Under the circumstances of this case, in view of the discussion in chambers on the very question of the latter part of the statute as to the proportion of the damages, we do not think this point is well taken.
The court refused to admit evidence as to other accidents of a similar nature happening at other places on the conveyor line, but did permit the defendant to point out that there had not been any accident at this particular point. We think this was error. It was properly within the province of the jury to consider these other accidents and it became material in determining whether both parties were at fault.
The judgment appealed from is reversed and said cause remanded for a new trial consistent with this decision.
WIGGINTON, C. J., and SPECTOR, J., concur.