227 So.2d 870 (1969)
RAILWAY EXPRESS AGENCY, INC., a Corporation, Petitioner,
v.
Haskell V. FULMER, Respondent.
No. 38091.
Supreme Court of Florida.
November 12, 1969.
John E. Houser, Jacksonville, for petitioner.
S. Perry Penland, Jacksonville, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, reported at 215 So.2d 48.
Petitioner was defendant below in a suit for personal injuries received by plaintiff, respondent herein, while working at a conveyor belt sorting packages. The cause of action came within, and was governed by, Chapter 769, Florida Statutes, F.S.A. pertaining to hazardous occupations. The complaint charged defendant with negligent failure to provide the conveyor with adequate safety devices. Defendant's answer raised the defense of contributory negligence.
Defendant on pre-trial conference moved the trial court to exclude any testimony at the trial regarding "the occurrence of other accidents on other conveyor systems on defendant's premises not at the precise place at which plaintiff's accident occurred * * *" on the ground that such evidence was irrelevant, immaterial and hearsay. The trial court granted the motion.
At the trial, defendant was permitted to elicit evidence from plaintiff and other witnesses that no one else had been injured at the particular place where plaintiff's injury occurred. Plaintiff testified that he had been doing the same type of work at the same place where he was injured for more than seventeen years without prior injury.
*871 Subsequently, at the conference on instruction, the trial court and parties agreed that the jury be charged in the language of Florida Statute § 769.03, F.S.A., which provides as follows:
"The persons mentioned in § 769.01 [persons engaged in hazardous occupations] shall not be liable in damages for injuries to their agents and employees, or for the death of such agents and employees, where same is done by their consent, or is caused by their own negligence. If the employees or agents injured or killed, and the persons mentioned in § 769.01, or their agents and employees are both at fault, there may be a recovery, but the amount of the recovery shall be such a proportion of the entire damages sustained, as the defendant's negligence bears to the combined negligence of both the plaintiff and the defendant; provided, that damages shall not be recovered for injuries to an employee injured in part through his own negligence and in part through the negligence of another employee, when both of such employees are fellow servants, where the former and latter are jointly engaged in performing the act causing the injury and the employer is guilty of no negligence contributing to such injury." (e.s.)
The italicized portion of the above-quoted statute was inadvertently omitted by the trial court when the instructions were read to the jury.[1] Thus, the comparative negligence feature of the statute allowing apportionment of damages was not read to the jury. The jury retired and the following colloquy occurred between the Court and Mr. Penland, attorney for the plaintiff:
"THE COURT: Any objections to the charges as given, Counsel?
"Mr. PENLAND: Your Honor, I believe you noted an objection to each charge 
"THE COURT: Oh yes. I said any additional objections.
"Mr. PENLAND: None other than what I made before."
The jury returned a verdict for defendant. Failure to charge on the complete statute and the exclusion of evidence relating to other accidents, were grounds of plaintiff's motion for new trial, which was denied.
On appeal; the District Court reversed and remanded for new trial, holding: (1) that it was error for the trial court to exclude evidence as to other accidents happening "at other places on the conveyor line"; and (2) that plaintiff was prejudiced by the failure of the Court to give an instruction covering the complete statute.
Defendant's petition to this Court alleges conflict between the decision of the District Court and a number of cases, particularly Butler v. Watts.[2] In Butler, a suit for personal injuries under the Federal Employer's Liability Act, the trial court inadvertently omitted the last sentence in reading a charge to the jury. The charge in question dealt with comparative negligence and the omitted sentence was: "However, you must reduce any award you may make by the amount that the negligence, if any, of the plaintiff contributed to his injury." On appeal, the District Court held that defense counsel's objection after the charges were read to the jury did not sufficiently inform the Court of its error and the judgment was affirmed.
Under the Butler holding, plaintiff in the instant case would be unable to assign as error the trial court's omission of the last *872 half of F.S. § 769.03, F.S.A., from the charge to the jury. We are unwilling to adopt the Butler rule, since under the circumstances of this case, at least, the result is to unduly penalize plaintiff for the trial court's and counsel's oversight. The better procedure would doubtless be for an alert counsel to clearly call the omission to the judge's attention at the time the charges are read, but it is not always feasible.
We recognize the general rule requiring error be preserved by proper objection made at the time the error occurs.[3] Exceptions have been recognized, however. An inapplicable charge on res ipsa loquitur was given in Tampa Transit Lines v. Corbin.[4] This Court held that the rule requiring objection at the time a charge is given did not apply where the party had no prior knowledge that the charge had been requested and no opportunity to object because conference on instructions was not held.
In Louisville & Nashville Railroad v. Flournoy,[5] the trial court, without prior notice to the parties, erroneously charged the jury on the statutory presumption of liability of a railroad. The District Court of Appeal, First District, held that under the circumstances, failure of counsel to object at the time the charge was given did not prevent assignment of the charge as error on appeal.
The case of Wofford Beach Hotel, Inc. v. Glass,[6] involved an instruction inadvertently given after the trial Court indicated that it would not be granted. The District Court stated:
"Objection to the inadvertently given instruction was not preserved which would usually preclude review of the matter on appeal * * * Nevertheless, we hold that an erroneously given instruction based upon the introduction of an inapplicable ordinance was such fundamental error that a fair trial could not have resulted and a new trial must be granted."
The Corbin, Flournoy and Glass cases all support the holding of the District Court herein, since they involve fundamental errors in instructions made by the Court without prior notice to counsel.
In the instant case the Court and parties had a conference on instructions at which time objections were made and the Court announced what charges it would give. This is the extent of the procedure contemplated under Rule 1.470(b), Florida Rules of Civil Procedure, 30 F.S.A.[7] An attorney who has been diligent in securing the Court's acceptance of the instructions he proposes does not anticipate the omission of part of an agreed on charge, particularly when the charge is taken directly from the statute governing the cause of action before the Court. We hold, then, that under the circumstances before us, failure of counsel to object at the time did not bar consideration of the error on appeal. On this point we affirm the holding of the District Court herein remanding for a new trial.
The District Court in the instant case also ruled that on remand evidence of "other accidents of a similar nature happening at other places on the conveyor line" should be admitted. This holding must be modified. The evidence proffered of an alleged prior accident involving a woman employee was *873 second-hand and hearsay. In addition, the conveyor said to have been involved in the prior accident was of a different type than the one involved in plaintiff's accident herein.
Evidence of the occurrence or nonoccurrence of prior accidents is admissible only if it pertains to the use of the same type of appliance or equipment under substantially similar conditions.[8] In Chambers v. Loftin[9] plaintiff injured his hand while operating a power saw in defendant's shop. This Court held admissible "[evidence of] prior accidents at the identical saw table in the same shop and not remote in time."[10] stating the rule as follows:
"It is well settled that evidence of prior or subsequent similar accidents at or near the same place are admissible if they are not too remote in time, for the purpose of showing the dangerous character of the place and defendants' knowledge thereof."
Plaintiff in the instant case seeks to recover for the alleged negligent failure of the employer to provide adequate safety devices on the conveyor at which he was injured. There was evidence that the belt on the conveyor system in question was chain propelled, that rectangular slats formed part of the conveyor and that the roller part of the conveyor had one dead roller between each two live rollers. These facts distinguished the conveyor where plaintiff was injured from the other conveyor systems on defendant's premises. The differences may be immaterial to the particular hazard here involved. Plaintiff, however, has failed at this point to establish substantial similarity between the conveyors in question and has not proffered direct evidence of any prior accident. If on retrial, these deficiences can be corrected, the evidence should be admitted.
Accordingly, the decision of the District Court is affirmed as modified and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ERVIN, C.J., THORNAL and CARLTON, JJ., and WALDEN, District Court Judge, concur.
NOTES
[1] The Court charged: "The Florida Statute under which this case is being tried provides that persons engaged in the express business shall not be liable in damages for injuries to their employees where the same is caused by their own negligence."
[2] 103 So.2d 123 (Fla.App.3rd), cert. denied 106 So.2d 200 (1958).
[3] 2 Fla.Jur., Appeals § 66.74.
[4] 62 So.2d 10 (Fla. 1952).
[5] 136 So.2d 32 (Fla.App.1st 1961).
[6] 170 So.2d 62 (Fla.App.3rd 1964).
[7] "Not later than at the close of the evidence, the parties shall file written requests that the court charge the jury on the law set forth in such requests. The court shall then require counsel to appear before it to settle the charges to be given. At such conference all objections shall be made and ruled upon and the court shall inform counsel of such general charges as it will give. No party may assign as error the giving of any charge unless he objects thereto at such time or the failure to give any charge unless he requested the same. The court shall charge the jury after the arguments are completed."
[8] 13 Am.Jur., Evidence § 141 (1957).
[9] 67 So.2d 220 (Fla. 1953).
[10] Id. at 222.