233 So.2d 175 (1970)
Mary CAPONE, As Administratrix of the Estate of Elizabeth Jane Ramsey, Deceased, Appellant,
v.
WINN-DIXIE STORES, INC., (Kwik Chek), a Florida Corporation, Appellee.
No. 69-275.
District Court of Appeal of Florida, Second District.
March 20, 1970.
*176 A. Dallas Albritton, of Albritton, Sessums & Ryder, Tampa, for appellant.
Charles W. Pittman, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
HOBSON, Chief Judge.
Appellant is the daughter and administratrix of the estate of Elizabeth Jane Ramsey, who died on May 18, 1968. Appellant charged that Mrs. Ramsey was injured in a "slip and fall" accident in appellee's store as a result of the appellee's negligence on September 23, 1966, and sought to recover for bodily injury sustained by Mrs. Ramsey to the time of her death. Defendant-appellee denied negligence and damages and alleged contributory negligence on the part of Mrs. Ramsey.
On Friday, September 23, 1966, Mrs. Ramsey, an active, 79 year-old widow, was shopping in a Kwik Chek store, one of the appellee's supermarket chain. Sometime between 11:00 and 11:30 A.M., while she was shopping in the boxed goods section of the store with a friend, Mrs. Ramsey suddenly fell to the floor, striking the grocery cart of another customer as she fell. Underneath Mrs. Ramsey's shoe was found a piece of bologna about the size of a half-dollar. Also approximately one-third of a piece of bologna which looked as if it had been bitten, was discovered under her body.
A cashier at the store testified that five or ten minutes before eleven A.M. when she took her lunch hour a customer came by her check-out stand with a large grocery order. She had a small boy in the jumpseat and this child had opened a package of bologna. The clerk noted this mentally. She did not check to see if any of the meat were missing.
Mrs. Ramsey was taken by ambulance to a hospital after the accident. Although in great pain, she was fully rational and in possession of her senses. It was determined that she had a fractured hip, and a steel prosthesis was inserted. The operation was technically satisfactory but Mrs. Ramsey's mental status deteriorated rather *177 rapidly. Mrs. Ramsey was moved from the hospital to a convalescent home, where she remained for about two years. She was then moved to Hillsborough County Hospital due to lack of finances.
Finally, the appellant brought her mother home to care for her. Mrs. Ramsey's condition continued to deteriorate and she required restraint most of the time. Four or five months after Mrs. Ramsey went to appellant's home, she died from a cardiorenal insufficiency.
At the trial, appellant claimed damages for ambulance, doctor bills, hospital bills for the hip injury, convalescent home and hospital bills for Mrs. Ramsey's mental problems ($7,415.46), and pain, mental anguish, and inability to lead a normal life. The jury returned a verdict of $2,500. Appellant moved for a new trial on the issue of damages and appellee moved for a judgment n.o.v. Both of these motions were denied by the trial court. Appellant then brought this appeal. Appellee has cross assigned as error the denial of its motion for judgment n.o.v.
At pretrial conference the court advised counsel that it was going to give the "standard jury instructions." At this time the instructions were not detailed or spelled out nor were they discussed by number and no conference on instructions was held. Appellant contends that the trial court made a fundamental error when it gave Florida Standard Jury Instruction 6.2(a) minus the elements of disability, mental anguish and inability to lead a normal life. The following instruction was given which omitted material elements:
"* * * [A]ny bodily injury sustained by the Plaintiff, and any resulting pain and suffering experienced. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage, and any such award should be fair and just in the light of these elements."
Florida Standard Jury Instruction 6.2(a) reads as follows:
"Any bodily injury sustained by (name), and any resulting pain and suffering, (disability,) (disfigurement,) (mental anguish,) (and) (loss of capacity for the enjoyment of life) experienced in the past (or to be experienced in the future). There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any such award should be fair and just in the light of the evidence."
In the case sub judice the elements of disfigurement and future damages are not applicable.
Appellee contends that the charge given was adequate to allow the jury to "fully and adequately compensate" appellant. It points out that appellant's attorney argued the omitted elements to the jury and there is no evidence that the jury was misled or failed to consider these elements. Alternatively, appellee argues that appellant waived her right to challenge the instruction on appeal by not objecting prior to the jury retiring to consider its verdict. We do not agree.
The Florida Standard Jury instructions were adopted in 1967 to simplify and standardize instructions by trial courts to juries. The purpose behind jury instructions is to attempt to provide juries with concise, understandable statements of the law as applicable to their cases. Appellee asks us now to assume, where part of an instruction was left out, that the jury considered and took into account the omitted portions of the instruction anyway. Disability, mental anguish, and loss of capacity for the enjoyment of life are important elements of damages, and in the absence of instruction thereon, we cannot assume that the jury considered them. We admonish juries to take into consideration only the law, as given to them by the judge's instructions, in reaching their verdicts. To *178 accept appellee's argument in the case sub judice would be to condone just the opposite practice.
We feel that appellee's contention that appellant waived her objection to the charge is governed by the rationale of Railway Express Agency, Inc. v. Fulmer, 227 So.2d 870 (Fla. 1969) and the cases cited therein. We hold that where the court informs counsel that it will give a certain standard jury instruction, and then makes a material omission or deviation from that instruction, failure of counsel to object at the time the instruction is given does not preclude an appellate court from considering the alleged error on appeal.
Because we are of the opinion that the evidence surrounding the issue of liability is by no means conclusive in this case, we remand with instructions to grant a new trial on both the issues of liability and damages. See, Carroll v. Lazaruk, 164 So.2d 38 (Fla.App.2d 1964); Erwin v. Chaney, 160 So.2d 139 (Fla.App.1st 1964).
We have carefully considered the appellee's cross assignment of error and find the same to be without merit.
Reversed and remanded for new trial.
MANN, J., concurs.
McNULTY, J., concurs in part and dissents in part.
McNULTY, Judge (concurring in part and dissenting in part).
I concur in a reversal on damages, but I would not order a new trial on the issue of liability. There was sufficient evidence to support the jury's verdict on that issue and the court properly instructed thereon; I think, therefore, that issue has been fully tried. The Lazaruk and Chaney cases are distinguishable in that they turned essentially on the rationale that a new trial may be granted on all issues when the verdict as to damages is contrary to the manifest weight of the evidence, thus, I conclude, likely to have been a compromise if the evidence as to liability is weak. Here, the verdict as to damages was, arguendo, clearly inadequate, not because contrary to the manifest weight of the evidence nor, apparently, because of compromise, but patently because of the gross inadequacy of the court's instructions relating to substantial elements of damages.