239 So.2d 599 (1970)
Robert W. POWELL, Individually and As Father and Next Friend of James Powell, a Minor, Appellants,
v.
William Frederick HEGNEY and Yvonne Irene Hegney, Appellees.
No. 69-816.
District Court of Appeal of Florida, Fourth District.
September 30, 1970.
Larry Klein, of Cone, Wagner, Nugent, Johnson, McKeown & Dell, West Palm Beach, for appellants.
Carl E. Jenkins, of Walton, Lantaff, Schroeder, Carson & Wahl, Fort Lauderdale, for appellees.
METZGER, JOSEPH P., Associate Judge.
The sole point to be considered in this opinion is whether or not the trial court committed reversible error in omitting from its charge to the jury certain elements of damage as contained in Florida Standard Jury Instruction 6.2.
The plaintiff is a seventeen year old boy, who, at the age of ten had one of his legs amputated above the knee because of cancer. In spite of his handicap the plaintiff developed into an extremely active athlete. He competed on his school swimming team and was also adept at dancing and bowling. The minor plaintiff claimed that following the accident in question he was no longer able to swim competitively and was restricted in other activities, sportswise and socially, following his involvement in the accident.
At trial the defendants admitted liability, waived opening statement and the plaintiffs proceeded to prove their damages. The defendants put on no testimony.
After both sides rested, the court advised counsel that the requested instructions of both the plaintiffs and the defendants were granted. No formal conference on instructions was held.
When the court charged the jury the following instruction was given which omitted certain elements of damages:
"You may consider the following elements, any bodily injury sustained by James Powell and any resulting pain and suffering experienced in the past or to be experienced in the future. There is no exact standard for fixing the compensation to be awarded on account of such element of damages. Any such award *600 should be fair and just in the light of the evidence."
The instruction requested by the plaintiffs and granted by the court was a verbatim recitation of the form contained in Florida Standard Jury Instruction 6.2(a), the plaintiffs' requested instruction reading as follows:
"Any bodily injuries sustained by James Powell, a minor, and any resulting pain and suffering, disability, mental anguish and loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any such award should be fair and just in the light of the evidence." (Emphasis supplied.)
An analysis of the facts at hand reveals that this situation falls squarely within the rule enunciated in the recent case of Capone v. Winn-Dixie Stores, Inc., Fla. App. 1970, 233 So.2d 175. In Capone, supra, as in the present case, the court advised counsel that it would give the Standard Jury Instructions including 6.2(a). In actually giving the instruction on damages, the court failed to include the elements of disability, mental anguish and inability to lead a normal life. In reversing the trial court's denial of a motion for new trial, the District Court of Appeal, Second District, held that the Court erred in not including the three specified elements of damages in the jury instructions. In Capone, counsel for the plaintiffs made no objection in the trial court regarding the omission of the damage items from the jury instructions. Nevertheless, the appellate court held, and we quote, supra, p. 178:
"We hold that where the court informs counsel that it will give a certain standard jury instruction, and then makes a material omission or deviation from that instruction, failure of counsel to object at the time the instruction is given does not preclude an appellate court from considering the alleged error on appeal."
The case at hand is stronger than the Capone case, supra, in that counsel for the plaintiffs made timely objection, calling the omission to the attention of the trial court before the jury retired to deliberate. Nevertheless, the trial court overruled the objection expressing the view that to reinstruct the jury on 6.2(a) would be prejudicial to the defendant.
The point on appeal refers only to the claim of the minor plaintiff, James W. Powell, and does not apply to the claim of the father, Robert W. Powell. Accordingly, we remand with instructions to grant a new trial on the issue of damages only as to the claim of the minor James Powell. The final judgment as regards the recovery by the father, Robert W. Powell, in the sum of $1,000.00, is affirmed.
Reversed as to the claim of James Powell, a minor; affirmed as to the claim of Robert W. Powell.
CROSS, C.J., and McCAIN, J., concur.