SWANN, Judge.
Philip J. Bernstein sued Common Markets, Inc. and Wayne Coats. In their answer they denied generally the allegations of his complaint. Common Markets, Inc., by counterclaim, sought compensatory and punitive damages from Bernstein for “malicious prosecution”. A jury trial resulted in a verdict adverse to Bernstein on his complaint and for Common Markets, Inc. on its counterclaim. Bernstein appeals from the final judgment.
On appeal Bernstein argues only that various errors were made in rendition of the final judgment of $75,000 for Common Markets, Inc. on its counterclaim.
The counterclaim by Common Markets, Inc. for “malicious prosecution” was based on a prior action which Bernstein had instituted and lost against Common Markets. On appeal he contends that Common Markets failed to prove a “lack of probable cause” for the institution of that prior suit. We find sufficient competent and substantial evidence to sustain a jury finding that the prior action filed by Bernstein was without probable cause.
On Bernstein’s second point the record reflects sufficient competent and substantial evidence to sustain a jury finding that there was not a full and complete disclosure made by him to his attorney. The jury, *726 therefore, acted properly in rejecting the “advice of counsel” rule as a proven defense in this malicious prosecution action. Glass v. Parrish, Fla.1951, 51 So.2d 717; Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878 (1931); and 52 Am.Jur.2d Malicious Prosecution § 83.
In discussing the charges proposed at the charge conference the court agreed that the element of “embarrassment” was an appropriate element of damages in such a suit filed by an individual plaintiff but was not an appropriate element in such a suit where the plaintiff was a corporation. Under those circumstances counsel for Bernstein did not object to the proposed charge discussed at the charge conference since it appeared no charge would be given referring to the “embarrassment” of the corporation, Common Markets, Inc.
Rule 1.470(b), R.C.P., 30 F.S.A., states that “No party may assign. as error the giving of any charge unless he objects thereto at such time * * * ”,
In charging the jury on the elements of compensatory damages which might be considered by them under the counterclaim the trial court charged:
“You may also consider the physical or mental suffering, if any, occasioned by reason of the counter-defendant’s acts and conduct as shown by the evidence; and loss to its reputation or credit; and humiliation, embarrassment, and inconvenience, if any, which you find from the evidence resulted as a natural and direct consequence of the defendant’s acts.”
In considering a predecessor rule it was said in Louisville and Nashville Railroad Company v. Flournoy, Fla.App.1961, 136 So.2d 32:
******
“ * * * The record here indicates the charge in question was first injected in the course of the court’s independent charges to the jury. We are not disposed to establish a rule whereby the party adversely affected would be required, prior to retirement of the jury to consider its verdict, to note objection to a charge as to which he had no notice prior to the time it is given to the jury, especially where the charge is of such nature as is likely to lead to confusion or create an unfavorable impression not readily removable from the minds of the jurors. * * * ”
Since counsel for Bernstein was of the opinion that the court would give a proper charge we hold that it was not error to fail to object to the charge considered at the charge conference and he may raise and argue this point on appeal.
Since no objection was made at the time the charge was inadvertently given appellee argues that Bernstein may not raise this point on appeal. Ordinarily we would agree. We think, however, this point is controlled by the rationale of Railway Express Agency, Inc. v. Fulmer, Fla.1969, 227 So.2d 870. Justice Boyd analyzed the pertinent cases on this point and held that under certain circumstances the failure of counsel to object at the time a charge is given does not necessarily bar consideration of the error on appeal. Especially, as here, where the charge was of such a nature as to lead to confusion or create an unfavorable impression not readily removable from the jurors’ minds.
We find those circumstances present herein and are required to reverse the final judgment on this point. Cf. Capone v. Winn-Dixie Stores, Inc., Fla.App. 1970, 233 So.2d 175; and Wofford Beach Hotel, Inc. v. Glass, Fla.App.1965, 170 So.2d 62.
Bernstein also contends that there was insufficient evidence of reckless, wanton, or outrageous conduct on his part to entitle Common Markets, Inc. to an award of punitive damages. Inasmuch as we are compelled to reverse because of the improper charge on the issue of compensatory damages and remand for a new trial we will not rule on the sufficiency of the evi *727 dence to support an award of punitive damages.
His remaining point for reversal is directed to the excessiveness of the amount of damages awarded to Common Markets by the jury and we will not rule on that point for the reasons stated herein.
This cause is reversed and remanded for a new trial on the question of damages only.
Reversed and remanded.