PER CURIAM.
In this negligence action plaintiff-appel-lees were awarded a judgment against appellant which included future loss of wages, earning capacity and medical and hospitalization expenses. Although requested, the trial judge failed to charge the jury on their duty to reduce such future damages to present value.[1] This was reversible error.[2]
As to liability, no meritorious question is raised that the jury verdict was improper, and the verdict thereto appertaining is amply supported by the evidence. The new trial awarded herein should therefore be only as to damages, and the judgment is affirmed as to liability. All other points raised on appeal, including the one on cross-appeal, are without merit or are rendered moot.
Accordingly, the judgment appealed from is affirmed as to liability but reversed, and a new trial awarded, as to damages alone.
Affirmed in part, reversed in part.
HOBSON, A. C. J., and MANN and McNULTY, JJ., concur.

. Instruction 6.10, Florida Standard Jury Instructions.

. See, e. g., Dupuis v. Heider (1934), 113 Fla. 079, 152 So. 659; Florida East Coast Ry. Co. v. Young (1932), 104 Fla. 541, 140 So. 407; and Florida East Coast Ry. Co. v. Lassiter (1909), 58 Fla. 234, 50 So. 428.