ADKINS, Justice.
By petition for certiorari we have for review a decision of the District Court of Appeal, Fourth District (242 So.2d 218), which allegedly conflicts with a prior decision of the District Court of Appeal, Second District,, (Capone v. Winn-Dixie Stores, Inc., 233 So.2d 175) on the same point of law. Fla.Const. art. V, § 4, F.S.A.
Petitioner was plaintiff in the trial court and respondents were defendants.
Plaintiff sued for injuries allegedly received as the result of a rear-end collision which occurred when his vehicle became stalled in inclement weather and was struck from the rear by a vehicle being operated by defendant Charles Harold Vetro, a minor, and owned by defendant Joseph Vetro. Defendants denied liability and interposed a defense of contributory negligence.
At the trial plaintiff testified regarding the facts of the occurrence, his physical symptoms, his pain and suffering, the nature and extent of his medical treatment and his loss of earnings. Plaintiff’s wife testified that she arrived at the scene of the accident shortly after the occurrence and observed the physical damage. She also testified concerning plaintiff’s physical condition and his complaints of pain and suffering, as well as loss of earnings. The only expert medical testimony was that of plaintiff’s treating physician.
Medical bills totaling $561 were introduced into evidence. At the charge conference, the Court granted plaintiff’s request to give Standard Jury Instruction 6.2, subd. c, 31 F.S.A. which reads as follows:
“The reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] care and treatment necessarily or reasonably obtained by (claimant) [for his wife] in the past [or to be so obtained in the future].”
*538 However, the instruction given the jury by the trial judge included only the following portion of Standard Jury Instruction 6.2, subd. c:
“Also, the reasonable expense of medical care for the care and treatment necessary or reasonably obtained by Mr. La-Russa in the past and any earnings lost in the past and any earnings lost in the past may be considered.” (Tr. 218)
The jury returned a verdict in favor of plaintiff in the amount of $561, the exact amount of plaintiff’s medical bills introduced into evidence during the trial. Plaintiff’s motion for a new trial was denied and upon appeal the District Court of Appeal affirmed the lower court by a “Per Curiam affirmed” order without an opinion.
In Capone v. Winn Dixie Stores, Inc., supra, a personal injury suit, the Court advised counsel at pre-trial conference that it was going to give “the Standard Jury Instructions.” When the Court charged the jury it gave Standard Jury Instruction 6.2, subd. a, but omitted certain elements of damage. The District Court of Appeal held that this omission was reversible error saying:
“The Florida Standard Jury instructions were adopted in 1967 to simplify and standardize instructions by trial courts to juries. The purpose behind jury instructions is to attempt to provide juries with concise, understandable statements of the law as applicable to their cases. Appellee asks us now to assume, where part of an instruction was left out, that the jury considered and took into account the omitted portions of the instruction anyway. Disability, mental anguish, and loss of capacity for the enjoyment of life are important elements of damages, and in the absence of instruction thereon, we cannot assume that the jury considered them. We admonish juries to take into consideration only the law, as given to them by the judge’s instructions, in reaching their verdicts. To accept appel-lees’s argument in the case sub judice would be to condone just the opposite practice.
“ * * * We hold that where the court informs counsel that it will give a certain standard jury instruction, and then makes a material omission or deviation from that instruction, failure of counsel to object at the time the instruction is given does not preclude an appellate court from considering the alleged error on appeal.” (pp. 177, 178)
In Railway Express Agency, Inc. v. Fulmer, 227 So.2d 870 (Fla.1969), this Court said:
“In the instant case the Court and parties had a conference on instructions at which time objections were made and the Court announced what charges it would give. This is the extent of the procedure contemplated under Rule 1.-470(b), Florida Rules of Civil Procedure, 30 F.S.A. An attorney who has been diligent in securing the Court’s acceptance of the instructions he proposes does not anticipate the omission of part of an agreed on charge, particularly when the charge is taken directly from the statute governing the cause of action before the Court. We hold, then, that under the circumstances before us, failure of counsel to object at the time did not bar consideration of the error on appeal. On this point we affirm the holding of the District Court herein remanding for a new trial.” (p. 872)
The decision of the District Court of Appeal in the case sub judice was in conflict with these decisions and we have jurisdiction.
The only expert medical witness, the treating physician of plaintiff, gave a detailed account of plaintiff’s injuries, the medical treatment, and pain and suffering. When asked to state his opinion within the realm of reasonable medical probability as to whether or not plaintiff would continue to have complaints into the future, the Doctor stated, “I feel this man will continue to have pain on and off.” The Doctor further testified that if plaintiff has difficulty the major treatment would be physical therapy. The therapy prescribed consisted of moist packs, heat and massage to relax muscles *539 which were in spasm. The Doctor described plaintiff’s injuries as “acute, cervical sprain, with possible disruption of the lateral mass of C6 and mild lumbar strain.” Due to plaintiff’s bone structure, he was more prone to experience difficulty with trauma, and this particular sprain was “worse than some we see.” The future medical expenses were an element of damages which should have been considered by the jury and, in the absence of an instruction thereon, we cannot assume that the jury considered them. The amount of the jury verdict (for past medical bills only) reflects the materiality of the omission from the Standard Jury Instruction.
The decision of the District Court of Appeal is quashed, and the cause remanded to that Court with instructions to further remand same to the trial court, with instructions to grant a new trial only as to damages.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, and BOYD, JJ., concur.