GLICKSTEIN, Judge.
From a judgment, following the jury’s award of $360,000 for damages which flowed from a novel accident, this appeal seeks reversal upon a number of grounds. We have considered and rejected all of the reasons for upsetting the award and for the trial court’s failure to direct a verdict against the plaintiff. Accordingly, we affirm.
One issue warrants discussion, in our view. Both parties asked the trial court to instruct the jury with Florida Standard Jury Instruction 6.10.[1] The trial court did not do so. Appellant did not object to the trial court’s failure to instruct.[2]
This court ordered the parties to file supplemental briefs on whether it was fundamental error for the trial court not to instruct the jury upon Florida Standard Jury Instruction 6.10, thus permitting review here even though appellant’s trial counsel failed to call the omission to the trial court’s attention.
Appellee, in his supplemental brief, draws the court’s attention to the statement in Castor v. State, 365 So.2d 701 (Fla.1978), that the Florida Supreme Court has invariably required a contemporaneous objection where the alleged error is giving or failing to give a particular jury instruction. Id. at 703. He also cites City of Sunrise v. Bradshaw, 470 So.2d 804 (Fla. 4th DCA 1985), wherein this court held that counsel’s failure to object constituted waiver of review of the trial court’s omission of a key portion of the standard instruction for malicious prosecution.
Appellee also contends that because there was no special verdict form causing a specific award for future loss of earnings— *155 the only type of future damages sought in the instant case to which the subject instruction applies — but only a general verdict, we do not know that there was any award of damages for loss of future earnings. He urges that all of the damages allowed may have been for injuries of a kind not subject to reduction to present value. No error being raised as to the amount of damages due to other injuries or loss, says appellee, there should not be a reversal. See Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla.1978) (since counsel has it in his power to request special verdicts on the various counts, and to object if it is not then done, then when one of the issues submitted to the jury was free of prejudicial error, there can be no reversal of the general verdict on appeal, as appellant cannot establish that he has been prejudiced). We believe appellee’s argument is legally sound, however tempting it may be to speculate upon the jury’s action.[3]
Appellants continue to rely on Powell v. Hegney, 239 So.2d 599 (Fla. 4th DCA 1970) and Capone v. Winn-Dixie Stores, Inc., 233 So.2d 175 (Fla.2d DCA 1970), which were cited in their original brief, as well as additional authorities. Appellee points out that in Powell v. Hegney the error was omission of a critical portion of Instruction 6.2(1), and counsel did object and call the omission to the court’s attention before the jury retired to deliberate. Hegney therefore has to do neither with the instruction involved in the case sub judice nor with the question of fundamental error. Another case appellant now cites, Norman v. Mullin, 249 So.2d 733 (Fla.2d DCA 1971), was reversed because of lack of a charge on reduction to present value, but the opinion does not say whether there was timely objection or not.
Capone involved an omission of part of the same basic damages instruction as that which figured in Hegney. Without discussing fundamental error, the second district court stated, without explanation, that it could consider the question even though there had been no objection at trial. The Capone court cited Railway Express Agency, Inc. v. Fulmer, 227 So.2d 870 (Fla.1969), and cases cited in that opinion. In Fulmer, the supreme court had found fundamental error because the trial court had omitted from the charge, after agreeing to include the language of section 769.03, Florida Statutes, the hazardous occupations law, that portion of the section that discusses comparative negligence of plaintiff and defendant and also states a fellow-servant exception. We think it is clear that such an omission goes to the very merits of a case of personal injury received while one was engaged in a hazardous occupation, and will therefore be fundamental error. Analogy to the present case is overdrawn, however. The cases cited in Railway Express Agency, Inc. v. Fulmer that are in a similar vein involve omission of a comparative negligence instruction, Butler v. Watts, 103 So.2d 123 (Fla.3d DCA), cert. denied, 106 So.2d 200 (Fla.1958); lack of opportunity to object, when an inapplicable charge was given, as there had been no charge conference, Tampa Transit Lines v. Corbin, 62 So.2d 10 (Fla.1952); lack of prior notice to the parties of an erroneous charge respective a statutory presumption of liability, Louisville & Nashville Railroad v. Flournoy, 136 So.2d 32 (Fla. 1st DCA 1961); and an inadvertently given instruction, after the court had indicated that *156 instruction would not be given, Wofford Beach Hotel, Inc. v. Glass, 170 So.2d 62 (Fla. 3d DCA 1964). The Glass court said the trial could not be fair when an erroneous instruction based on the introduction of an inapplicable ordinance had been given.
Another case cited by appellants is La-Russa v. Vetro, 254 So.2d 537 (Fla.1971). There, this court had per curiam affirmed the trial court’s judgment. The supreme court noted at trial there had been explicit expert testimony regarding future pain and future treatment of the personal injury plaintiff. The trial court had agreed to give the standard instructions, but in giving Standard Instruction 6.2(a), the court omitted certain elements of damage including future medical expenses. It was evident from its amount that the jury award was just for medical expenses already incurred. The Florida Supreme Court quashed this court’s decision, and remanded for new trial on the damages, saying this court’s decision was in conflict with both Fulmer and Capone.
In Seaboard Coast Line Railroad v. Burdi, 427 So.2d 1048 (Fla. 3d DCA 1983), the trial court had granted a new trial on damages, finding, among other things, that it had erroneously instructed the jury on reduction to present value of damages for future medical expenses or for future loss of earning ability. The trial court said it found this way because the defendant had not introduced expert evidence on the issue at trial. The appellate court said that although such expert evidence is admissible, it is by no means a prerequisite to giving Standard Jury Instruction 6.10. The appellate court furthermore stated categorically that it would have been reversible error if the particular instruction had not been given.
In Seaboard Coastline Railroad v. Garrison, 336 So.2d 423 (Fla. 2d DCA 1976), which primarily concerns whether testimony on inflation is appropriate in connection with estimation of the value of loss of future support for survivors in a wrongful death action, the court noted that failure to give an instruction on reduction of damages to present value is error.
The oldest case we have reviewed that bears on the present issue is Florida East Coast Ry. v. Young, 104 Fla. 541, 140 So. 467 (1932). There our supreme court wrote the following:
Another assignment of error is based upon a charge of the court in the following language: “If you find for the plaintiff, then it will be necessary for you to find the amount of damages to which she is entitled under the evidence. In making such estimate, you will take into consideration the life expectancy of the deceased, as shown by the tables of mortality in evidence in this case, his earning capacity before and at the time of his death, and such damages as the plaintiff would suffer by reason of a loss on account of the death of her husband, taking into consideration the protection, care and maintenance for the plaintiff and her children.”
This charge was defective in that it failed to direct the jury to take into consideration along with the tables of mortality all other evidence in the case which might have a reasonable bearing upon the life expectancy of the deceased, and the charge was further defective because it failed to charge the jury that after ascertaining what would be the earning capacity of the deceased for the period of time of his life expectancy the same should be reduced to its present value.
Id. 170 So.2d at 68. As in some of the other cases cited, one cannot tell from this opinion whether there had been contemporaneous objection. Hence we do not know whether the error as to the reduction to present value instruction was being regarded as fundamental error or was reviewed because it had been properly preserved for appeal.
Having reviewed all this case law, we conclude that such omission ought not to be considered fundamental error unless it is clear there were damages awarded that should have been reduced to present *157 value but were not. Here it is not clear that such an award was made.
HURLEY, DANIEL T.K., and BOARD-MAN, EDWARD F., Associate Judges, concur.

. 6.10 provides:
Any amounts which you allow in damages for [future medical expenses] [loss of ability to earn money in the future] [or] [ (describe any other future pecuniary loss subject to reduction to present value) ] should be reduced to their present money value and only the present money value of such amounts should be included in your verdict.

. We relinquished jurisdiction to have this point settled. It was so done by order settling and approving statement of proceedings pursuant to Florida Rule of Appellate Procedure 9.200(b)(3).

. Another of appellee’s arguments is that the real value of Instruction 6.10 is doubtful. He contends we do not know from history precisely how there came to be such an instruction, except that a Florida Supreme Court opinion discussed at length the law of reduction. See Braddock v. Seaboard Air Line Railroad, 80 So.2d 662 (Fla.1955). Appellee observes that the jury is left to its own devices in determining the present value of the future pecuniary losses, and the result is therefore often problematic. Appel-lee urges that such reduction should be applied only when there has been testimony on the reduced present value and opinion evidence on the future interest rates. (One wonders whether anticipated inflation rates should not also be put before the jury, if this suggestion is to be followed.) While in the abstract this rationale may have merit, it does not reflect the current law, which does require reduction to present value of stated types of future losses caused by the tort.