567 So.2d 908 (1990)
Benedetto PLAZZA, Appellant,
v.
PATIO CONCRETE, INC., a Florida Corporation, and Chuck Leo Brooks, Appellees.
No. 89-01563.
District Court of Appeal of Florida, Second District.
August 31, 1990.
Rehearing Denied October 10, 1990.
David A. Maney of Maney, Damsker & Arledge, P.A., and Mac A. Greco, Jr., Tampa, for appellant.
Andrew F. Russo and Michael S. Rywant of Rywant & Alvarez, P.A., Tampa, for appellees.
CAMPBELL, Acting Chief Judge.
Appellant, plaintiff below, challenges the trial court's final order granting appellees', defendants below, motion for new trial on the issue of damages. While appellant raises two issues on appeal, we find it necessary to reach only the question of whether there was competent substantial evidence to support the jury verdict on damages. Finding that the jury verdict was so supported, we conclude that it should not have been disturbed and, therefore, reverse the order granting a new trial.
That portion of the jury's verdict which resulted in the trial judge's order for a new trial found as follows:
2. What is the total amount of future (after verdict) losses for the medical expenses, lost earnings or earning capacity, the number of years for which you intend to provide compensation for each loss, and the present value of any amounts awarded?

 a. Amount for medical expenses? $ 0
 ------------------
 For how many years? $ 0 (Yrs.)
 ------------------
 Present value? $ 0
 ------------------
 b. Amount for loss of ability to
 earn money in the future? $ 15,000.00 per yr.
 ------------------
 For how many years? 37 (Yrs.)
 ------------------
 Present value? $ 555,000.00
 ------------------
 (Total)
 ------------------

*909 The trial judge had given a general instruction to the jury concerning its duty to reduce a present award of future damages to present value. No instruction was given requiring the jury to use any particular method to arrive at such present value. In the trial judge's review of the verdict after trial, he became concerned that the jury did not make such a present value determination because the verdict indicated the present value figure of $555,000.00 was arrived at by simply multiplying the $15,000.00 per annum loss of wages by the thirty-seven-year expected working life of appellant. The trial judge, therefore, concluded that the jury must have ignored or failed to follow the instructions regarding the necessary reduction to present value. In view of the testimony of appellant's expert witness on how to arrive at a present value figure, such a conclusion is not warranted.
The only evidence presented as to economic damages and any method for reducing such future damages to present value was presented by appellant's expert witness. That witness testified, in part, that a method of determining present value of compensation for future losses is the "real interest rate approach" which "takes inflation out of the wage factor and out of the interest rate factor" and, therefore, there is no difference in the figure which represents compensation for future losses and that figure reduced to its present value. The expert's theory was that the inflation in expected future wages would be equally offset by increases in interest rate returns on money presently invested.
It is clear to us that the jury utilized this approach which appellant's expert testified to and which was the only evidence in the record as to a method of calculating present value, to arrive at a present value figure. As a matter of fact, appellant's expert's own figures as to present value exceeded the jury's verdict as to that figure based upon the other findings made by the jury in its verdict. The method of calculating "present value," testified to by appellant's expert and apparently utilized by the jury in arriving at its verdict, is sometimes known as the "total-offset" method and was one of the methods approved in Delta Air Lines, Inc. v. Ageloff, 552 So.2d 1089 (Fla. 1989).
Since we conclude that the verdict was supported by competent substantial evidence, we reverse the order for new trial on the issue of damages and remand for reinstatement of the jury's verdict and the issuance of a final judgment for appellant.
Reversed and remanded.
FRANK and PATTERSON, JJ., concur.