609 So.2d 637 (1992)
Carolyn Cassandra BURGESS, Appellant/Cross-Appellee,
v.
MID-FLORIDA SERVICE, a Florida corporation, and Dennis Lamar Devose, Appellees/cross-appellants.
Nos. 90-2478, 90-2874.
District Court of Appeal of Florida, Fourth District.
September 23, 1992.
James N. Nance of Searcy Denney Scarola Barnhart & Shipley, P.A., and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellant/cross-appellee.
Kenneth R. Drake of Touby Smith DeMahy & Drake, P.A., Miami, for appellees/cross-appellants.
STONE, Judge.
The plaintiff appeals an order granting a new trial on a portion of the damages awarded in this personal injury action. All issues arise out of the apparent jury failure to reduce future economic losses to present money value. The jury's error on the verdict form is patent; however, the defendants raised no objection to the verdict prior to the discharge of the jury. We reverse. See, e.g., Mooreman v. Am. Safety Equip., 594 So.2d 795 (Fla. 4th DCA 1992); Robbins v. Graham, 404 So.2d 769 (Fla. 4th DCA 1981); Sweet Paper Sales Corp. v. Feldman, 603 So.2d 109 (Fla. 3d DCA 1992). See also Department of Agric. & Consumer Serv. Div. of Animal Indus. v. Denmark, 366 So.2d 469 (Fla. 4th DCA 1979); Lindquist v. Covert, 279 So.2d 44 (Fla. 4th DCA 1973).
The verdict provided:
2. What is the amount of any damages sustained for medical expenses and lost earnings or earning ability in the past? $30,500
3. What is the amount of any future damages for medical expenses and lost *638 earning ability to be sustained in future years?
a. Total damages over future years? $156,000
* * * * * *
c. What is the present value of those future damages? $186,500
4. What is the amount of any damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, or loss of capacity for the enjoyment of life.
a. in the past? $25,133
b. in the future? $120,000
TOTAL DAMAGES OF CAROLYN BURGESS
(ADD LINES 2, 3c, 4a AND 4b) $362,133
The trial court recognized that the verdict reflects the jury's failure to reduce the future expenses and lost income to its present value in the space provided on the verdict form. Rather, the jury increased the future economic damage figure by adding the past expenses to the future expenses in arriving at the figure inserted, a patent mistake. Also, the total award apparently includes a double computation of the $30,500 awarded for past expenses and losses.
Nevertheless, a defense objection could and should have been raised before the discharge of the jury. The record reflects no justification for their failure to do so. Likewise, the defense presented neither evidence nor argument to the jury concerning a reduction. It is undisputed that the trial court properly charged the jury on the subject.
The record shows that the trial court reluctantly granted the new trial, concluding such an error must be considered fundamental as inconsistent with the instructions. We conclude, however, that such an error is not fundamental and is waived by the failure to timely raise it. The jury's mistaken calculation here of the one element of damages goes neither to the foundation of the case nor the merits of the cause of action. See Sanford v. Rubin, 237 So.2d 134 (Fla. 1970).
Additionally, even if a fundamental error analysis were appropriate, we note that a jury's failure to arrive at a present value calculation that is smaller than the future economic damages awarded does not necessarily prove a failure to follow the court's instructions. Such a figure is consistent with an intentional determination that the present value is equal to future damages by application of a "total offset" calculation. In Delta Airlines Inc. v. Ageloff, 552 So.2d 1089 (Fla. 1989), the supreme court recognized such a method of calculation by which future inflation is presumed to offset any future return on a present investment. See also Plazza v. Patio Concrete Inc., 567 So.2d 908 (Fla. 2d DCA 1990), rev. denied, 577 So.2d 1328 (Fla. 1991).
Appellees argue that this court in Howell v. Woods, 489 So.2d 154 (Fla. 4th DCA 1986) determined that a jury's mistake in computing future damages is fundamental error. There, the jury's failure to reduce future damages to present value was recognized as a factor for considering the court's failure to give the appropriate instruction as fundamental error. Clearly, the Howell court did not indicate that a jury's failure to reduce future damages to present value in and of itself was to be regarded as fundamental error. Such an interpretation would result in an automatic right to a new trial notwithstanding a party's obligation to timely object to a verdict error so that it might be corrected by the jury. We therefore consider Howell to be inapposite.
Additionally, on remand the trial court is authorized to modify the judgment to conform to the jury's intention by reducing the judgment by $30,500 as this sum was obviously included twice. See Cory v. Greyhound Lines, Inc., 257 So.2d 36 (Fla. 1971).
FARMER, J., concurs.
DOWNEY, J., concurs specially with opinion.
DOWNEY, Judge, concurring specially:
I agree with the majority that appellees' failure to object to the verdict prior to discharge of the jury waives the defect. *639 As to the remainder of the opinion, I agree with the result only.