PER CURIAM.
In the instant case, the jury awarded damages for the loss of ability to earn money in the future and for future medical expenses. Because the trial court failed to give Standard Jury Instruction 6.10 (Civ.), dealing with the reduction of damages to present value, after it had agreed to do so during the charge conference, we reverse and remand for a new trial on damages. See Norman v. Mullin, 249 So.2d 733 (Fla. 2d DCA 1971); Capone v. Winn-Dixie Stores, Inc., 233 So.2d 175 (Fla. 2d DCA), cert. denied, 238 So.2d 105 (Fla.1970); see also Lawn v. Wasserman, 248 So.2d 548 (Fla. 3d DCA 1971).
As a result of our disposition, we do not address the remaining issues raised by the appellants.
Reversed and remanded.