PER CURIAM.
Sam Alesse, owner of Sam’s 24 Hour Towing [Sam’s], appeals a negligence judgment entered in favor of Sandra and Duane Baker [“the Bakers”]. We affirm.
At trial, the Bakers presented expert testimony on the value of Sandra’s future economic damages, although the testimony on the various elements was not very clear. The jury was instructed without objection that:
Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of those future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what this sum will earn in the future, will compensate plaintiff for those losses as they are actually experienced in future years.
(Emphasis supplied.)
The jury returned a verdict finding Sandra Baker 65% and Sam’s 85% at fault for Sandra’s injuries. The jury awarded Sandra $8,000 for past medical expenses and $8,000 for future medical expenses to be extended over twenty-one years. The jury found the present money value of the future medical expenses to be $8,000. The jury awarded Sandra $15,000 in lost wages and $80,000 for future loss of earning ability over twenty-one years. The jury found the present money value of the future loss of earning ability to be $80,000. The jury also awarded Sandra $20,000 for past and $170,000 for future pain and suffering. Finally, the jury awarded Duane Baker $5,000 for past and $55,000 for future loss of consortium.
After the jury’s verdict was published, and before discharge of the jury, Sam’s defense counsel requested the trial court to send the jury back to further deliberate its future damages award, contending that the jury had failed to reduce the future damages award to present value. Plaintiffs counsel objected, pointing out that the jury may have taken into account the impact of inflation when it reduced the future award to present value. The lower court refused Sam’s request. Sam’s now urges on appeal that the lower court reversibly erred in failing to send the jury back to correct the “error.”
Sam’s essentially contends that because the present value awards were the same as the future value sums, the jury failed to follow the instruction to reduce to present value. The identity of the two figures does not, however, show an error was made. In Burgess v. Mid-Florida Service, 609 So.2d 637 (Fla. 4th DCA 1992), the fourth district noted that:
[A] jury’s failure to arrive at a present value calculation that is smaller than the future economic damages awarded does not necessarily prove a failure to follow the court’s instruction. Such a figure is *1236 consistent with an intentional determination that the present value is equal to future damages by application of a “total setoff’ calculation. In Delta Air Lines, Inc. v. Ageloff, 552 So.2d 1089 (Fla.1989), the supreme court recognized such a method of calculation by which future inflation is presumed to offset any future return on a present investment.
Id. The Bakers also point out that, given the way in which the jury was instructed, it is more likely that the present value figure is the one the jury intended.[1] See McElhaney v. Uebrich, 699 So.2d 1033 (Fla. 4th DCA 1997).
In accord with the reasoning in Burgess and McElhaney, we find no error.[2]
AFFIRMED.
ANTOON, C.J., GRIFFIN and THOMPSON, JJ„ concur.

. Based on our review of the testimony offered on damages, this appears likely.

. We find Sam’s other issue on appeal to be completely lacking in merit.