792 So.2d 657 (2001)
Samuel Benjamin WAXMAN, Appellant/Cross-Appellee,
v.
Tanya TRUMAN, Appellee/Cross-Appellant, and
German Vucetich and Ian Vucetich, Appellees.
No. 4D00-850.
District Court of Appeal of Florida, Fourth District.
August 29, 2001.
Esther E. Galicia and Jennifer P. Huber of George, Hartz, Lundeen & Fulmer, Fort Lauderdale, for appellant/cross-appellee.
Ronald P. Gossett of Gossett & Gossett, P.A., Hollywood, for appellee/cross-appellant.
POLEN, C.J.
In this personal injury action arising from an automobile accident, Samuel Benjamin Waxman, the defendant at trial, timely appeals after the trial court ordered a new trial on damages. We reverse for further proceedings, as explained below.
In 1992, Waxman and Tanya Truman, who performed court reporting duties for her mother's Florida court reporting service, were involved in an automobile accident when Waxman's vehicle struck Truman's in the rear. At trial, Waxman admitted liability and the jury was asked whether Truman suffered threshold injuries and damages as a result of her injuries. The jury subsequently found that Truman suffered permanent injuries and itemized her monetary damages, as follows:

*658 2. What is the amount of any damages sustained for medical expenses and lost earnings or earning ability in the past
$24,000
3. What is the amount of any future medical expenses and lost earning ability to be sustained in future years?
$20,000
a. Total damages over future years $2,000
b. The number of years over which those future damages are intended to provide compensation
10 years
c. What is the present value of those future damages?
$20,000
The jury also awarded $8,000 for past pain and suffering and $8,000 for future pain and suffering, bringing the total damages to $60,000.
Truman then filed a motion for additur or, in the alternative, a new trial on damages. She noted that her attorney told the jury in closing that Truman was not asking for future medical expenses. She argued, however, that the $20,000 award for future loss of earning ability was inadequate and not supported by the evidence.
Meanwhile, Waxman moved for remittitur. He pointed out that Truman withdrew any claim for past lost wages and argued that the $24,000 jury award for past medical expenses and lost earnings exceeded the total amount of medical bills, approximately $19,555, submitted to the jury. Waxman also claimed that Truman's award for future loss of earning ability should be stricken because he claimed that there was no evidence that her injuries would prevent her from being a court reporter.
At the post-trial hearing on the above motions, the trial court raised an issue regarding future losses not presented by either party. Specifically, the court stated that the jury erred by not reducing the amount of future losses to present value because those two sums were represented by the same figure on the verdict form. In this respect, the court believed that the future sum amount was required to be greater than the present value amount.
After the hearing, the trial court ordered a new trial on damages, without ordering an additur or remittitur. The order states, as follows:
Both parties agree that the damages should be changed. However, the agreement ends there. Each party presents a very disparate view as to what the damages should be and why the award should not stand. Furthermore, the verdict form fails to clearly reflect what the intent of the jury was. The jury was given the standard jury instruction that in determining the amount of damages to be awarded, if any, the jury was to reduce future damages to present day value. However, this Court is aware that calculation of present money value is difficult, even for persons with a facility for mathematics. The Plaintiff must present evidence to guide the jury in reducing future damages to present day value. It is apparent here that [Truman's] evidence was insufficient in guiding the jury. The verdict form patently reveals that the jury failed to reduce future damages to present day value, as instructed. As such, this Court is unable to make a determination that the damages award conforms to the jury's intent, or whether the damages should be subject to additur or remittitur. Therefore, this Court find that a new trial to the issues of damages is warranted.
*659 (citations omitted)(emphasis added). This timely appeal followed.
Waxman initially argues that the trial court's reason for ordering a new trial was based on a misinterpretation of law concerning the reduction of future economic damages to present value. We agree. As this court explained,
[A] jury's failure to arrive at a present value calculation that is smaller than the future economic damages awarded does not necessarily prove a failure to follow the court's instructions. Such a figure is consistent with an intentional determination that the present value is equal to future damages by application of a "total offset" calculation. In Delta Air Lines Inc. v. Ageloff, 552 So.2d 1089 (Fla. 1989), the supreme court recognized such a method of calculation by which future inflation is presumed to offset any future return on a present investment. See also Plazza v. Patio Concrete Inc., 567 So.2d 908 (Fla. 2d DCA 1990), rev. denied, 577 So.2d 1328 (Fla.1991).
Burgess v. Mid-Florida Serv., 609 So.2d 637, 638 (Fla. 4th DCA 1992). In other words, the fact that a present value award for future economic damages is the same as the future value sum does not mean that the jury failed to follow the instructions to reduce the future sum award to present value. Alesse v. Baker, 758 So.2d 1234, 1235-36 (Fla. 5th DCA 2000). Here, the trial court ordered a new trial because it erroneously believed that the present value of an award for future economic damages must be less than the total amount of future economic damages awarded. Because the trial court's order for new trial was based upon an erroneous legal assumption, we reverse. See City of Hollywood v. Jarkesy, 343 So.2d 886, 888 (Fla. 4th DCA 1977); Gen. Contractors of Am. v. Stinson, 524 So.2d 1148, 1150 (Fla. 3d DCA 1988).
Even if the order for new trial was not based on an erroneous legal assumption, however, we would still reverse because the trial court failed to follow the appropriate statutory procedures when faced with motions for additur and remittitur. Sections 768.043(1) and 768.74(2), Florida Statutes (1991), regarding additur and remittitur, provide that a trial court must order an additur or remittitur prior to ordering a new trial. §§ 768.043(1), 768.74(2), Fla. Stat. (1991). Further, the trial court may order an additur or remittitur only if it finds that, after considering the record and the relevant statutory factors, the verdict is inadequate or excessive. Id. Here, the trial court failed to order either an additur or remittitur before ordering a new trial on all damages, and did not make any findings of excessiveness or inadequacy. Because the trial court failed to follow the proper statutory procedures before ordering the new trial, we hold that it committed reversible error. See Philon v. Reid, 602 So.2d 648 (Fla. 2d DCA 1992), cause dismissed, 620 So.2d 762 (Fla.1993), abrogation on other grounds recognized, Ketchen v. Dunn, 619 So.2d 1010 (Fla. 2d DCA 1993).
On remand, we hold the trial court should rule on the parties' respective motions for additur and remittitur. Because the trial court never directly ruled on either motion, but rather ordered a new trial on grounds neither side had presented, we hold the trial court must rule on these motions before we would undertake appellate review.
REVERSED.
STONE, J., and MARRA, KENNETH A., Associate Judge, concur.