275 So.2d 267 (1973)
Jose A. OCHOA, Appellant,
v.
Concepcion OCHOA, Appellee.
Nos. 72-866, 72-919.
District Court of Appeal of Florida, Third District.
March 27, 1973.
Rehearing Denied April 18, 1973.
*268 James R. Sabatino, Miami, for appellant.
Salley, Barns & Pajon and James F. Dougherty, II, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Appellant husband seeks review of a final judgment awarding attorneys' fees and costs to appellee.
In September 1971, appellee, Concepcion Ochoa, filed a petition for dissolution of marriage and was represented originally by Paul Steinberg who was replaced by James Dougherty, II. Good faith attempts were made by appellee's counsel to obtain information concerning the nature and extent of appellant husband's assets and income. However, appellant took evasive actions in response to these attempts. Appellee was awarded temporary alimony and child support. After trial commenced, appellee moved the court for temporary costs resulting from the failure of her husband to disclose truthfully the nature and extent of his assets and income. On March 14, 1972 the court granted the motion and required appellant to reimburse appellee's counsel $1,482.51, which he finally paid after an adjudication of contempt. After extensive negotiation, on June 9, 1972 a property settlement was agreed upon, executed between the parties and made a part of the final judgment of dissolution of marriage on June 28, 1972. This settlement included a provision whereby appellant agreed to pay the award of reasonable attorneys' fees and costs of her proceeding by the trial judge. After a hearing as to the reasonableness of attorneys' fees, the lower court granted an award of $12,200 to James Dougherty, II and $700 to Paul Steinberg. Thereafter, upon motion of Mr. Dougherty, an additional $471.25 was awarded to him as costs which the court found to be directly attributable to the appellant's false testimony throughout the entirety of the contested proceedings prior to acceptance of the settlement.
On appeal, the appellant is contesting the reasonableness of the award of attorneys' fees and costs.
However, in oral argument the appellant did not contest the award of attorneys' fees and costs as being unreasonable insofar as the value of the legal services were concerned, but rather he contested the amount based on his ability to pay. He alleged that the attorneys' fees represented approximately 23-36% of his net worth. Nevertheless, he produced no witnesses in the court below to support this contention.
The issue of attorneys' fees and costs was submitted to the trial court on stipulation of the parties and it follows where, as in the case sub judice, there appears to be no abuse of discretion, the judgment of the lower court must be and hereby is affirmed. See Lee v. Lee, Fla.App. 1972, 262 So.2d 6; Lodding v. Dunn, Fla.App. 1971, 251 So.2d 560; Johnson v. Kruglak, *269 Fla.App. 1971, 246 So.2d 617; Zohlman v. Zohlman, Fla.App. 1970, 235 So.2d 532; and Pross v. Pross, Fla. 1954, 72 So.2d 671.
Affirmed.