279 So.2d 890 (1973)
Edward C. TIETIG, Appellant,
v.
John E. KUSIK, Appellee.
No. 72-1235.
District Court of Appeal of Florida, Third District.
June 26, 1973.
Rehearing Denied July 23, 1973.
Nicholson, Howard, Brawner & Lovett, and Robert A. Freyer, Miami, for appellant.
Shutts & Bowen, and Thomas H. Anderson, Miami, and Robert A. Jarvis, Jr., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant seeks review of the lower court's order granting plaintiff's motions for directed verdict, costs and attorneys' fees.
Plaintiff John Kusik owned an apartment in the Bahama House Condominium. Defendant Edward Tietig, as lessee, entered into a one year lease, commencing December 1, 1965, of the above premises. After several months occupancy, the defendant-appellant *891 alleged that he and his wife began to be harassed by two alleged officers of the condominium association and warned against the use of certain facilities, i.e. (1) not to use the laundry room on Mondays, (2) not to park two cars in the parking lot, (3) not to leave riding boots outside the front door, (4) not to let defendant's son and his friends use the swimming pool, etc. In August 1966 without making the monthly payment (or any thereafter), the defendant-appellant and his wife abandoned the premises. On November 15, 1966 plaintiff-appellee leased the apartment to another individual and then filed suit for damages for rent due for the three months, August through October, and one-half of November. Defendant Tietig counterclaimed for damages arising out of constructive eviction and denial of quiet use and enjoyment of the leased premises. A jury trial was held, at the close of which the court directed a verdict in favor of plaintiff on the claim for rent and on defendant's counterclaim. Subsequently, on September 12, 1972 a hearing was held on the issue of attorneys' fees and defendant's motion for new trial. The motion for new trial was denied. Plaintiff was awarded $2,400 attorneys' fees, $259.60 costs and $450 damages.
On appeal, defendant-appellant mainly argues that he abandoned the apartment because the officers of the condominium association had denied defendant and his wife quiet possession and enjoyment of the leased premises and access to and use of the facilities and amenities appurtenant thereto, amounting to a constructive eviction. We cannot agree.
First, we found in the record that although defendant and members of his family allegedly were told or warned not to use certain facilities, they continued to make use of them despite these warnings.
Second, and more important, "a tenant who alleges constructive eviction by virtue of acts which fall short of actual eviction, are not patently immoral or illegal, are not expressly forbidden by the terms of the lease, and are susceptible to remedy, should and must give timely notice to the landlord of the objectionable act and demand rectification. Failing in this duty, the tenant cannot be heard to complain of the acts in defense to an action for rent." [Emphasis supplied] Richards v. Dodge, Fla.App. 1963, 150 So.2d 477. The record reveals that defendant tenant did not transmit actual notice of his complaints to the plaintiff landlord, Mr. Kusik. This notice requirement is even more pertinent under the facts in the case sub judice wherein the landlord is the owner of the condominium unit and, therefore, has the authority on his tenant's behalf to interject himself into the affairs of the condominium association.
Third and last, we cannot ignore F.S. § 711.18(2) F.S.A. which precludes a unit owner's personal liability from "any damages caused by the association on or in connection with the use of the common elements."
For the reasons stated hereinabove, appellant's constructive eviction argument must fail.
Appellant also contests the award of and reasonableness of attorneys' fees. As to the award of attorneys' fees, the lease agreement clearly provides therefor. As to the reasonableness thereof, both attorneys for plaintiff testified as to the nature and reasonable value of their services. They were cross-examined by counsel for defendant. In addition, there was an affidavit of a third attorney supporting the reasonableness of the fee. We find in the record ample support for the amount of the award of attorneys' fees. The amount of attorneys' fees to be awarded is a matter largely within the sound judicial discretion of the trial judge and unless he has abused his discretion, his determination will not be disturbed. See Oncay v. Oncay, Fla.App. 1966, 183 So.2d 878 and Ochoa v. Ochoa, Fla.App. 1973, 275 So.2d 267 and cases cited therein. We find *892 therefore that this argument will not prevail.
We also have considered appellant's remaining points on appeal and find them to be without merit.
Accordingly, the judgment of the lower court is hereby affirmed.
Affirmed.