PER CURIAM.
The genesis of the litigation between the parties dates back ten years. Two appeals have been taken to this court. See, Bernstein v. Common Markets, Inc., Fla.App.1966, 183 So.2d 290; Bernstein v. Coats, Fla.App.1971, 247 So.2d 725.
In the latter case, we reversed and remanded for a new trial only on the question of damages based on a counterclaim by the appellee for malicious prosecution against Bernstein, which arose from the former case.
In the first trial on appellee’s counterclaim the jury returned a verdict for $75,000. Upon re-trial pursuant to our mandate, the jury returned a verdict in favor of the appellee for $39,525 in compensatory damages and $70,000 in punitive damages and a final judgment was entered.
The appellant filed a motion for a new trial and the trial court after a hearing entered an order denying the motion, providing the appellee file remittiturs reducing the total judgment to $73,000. Thereafter, the court entered another order amending the order on the motion for a new trial. The only purpose for this order was to delete therefrom the word “shocking” from the previous order and to substitute the word “excessive.” The appellee has accepted the remittiturs ordered by the court, and the appellant has instituted this appeal.
*529 As this case is now postured, this appeal now comes to the appellate court from a second jury trial upon a similar factual setting- presented in the trial court. The first trial produced a $75,000 judgment; the judgment now is $73,000.
A second verdict rendered by a different jury upon facts which are substantially the same is entitled to even greater weight than the first verdict, even if judges may reach a different conclusion. Banner Construction Corporation v. Arnold, Fla.App.1961, 128 So.2d 893.
We have considered the four points raised by the appellant in his brief in light of the record and the applicable principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated, the judgment appealed is affirmed.
Affirmed.
CARROLL, J., dissents.