303 So.2d 683 (1974)
Judith E. SCOTT, Appellant,
v.
James Alan SCOTT, Appellee.
No. 74-54.
District Court of Appeal of Florida, Fourth District.
December 6, 1974.
*684 Curtis R. Mosley of Law Offices of Meadows, Holcomb & Mosley, Cocoa, for appellant.
Charles F. Broome, Titusville, for appellee.
MAGER, Judge.
The sole point involved on this appeal is the correctness of the trial court's determination that the property settlement agreement between the appellant wife and appellee husband precluded the award of attorney's fees to the wife in successfully defending her husband's petition to modify child custody.
Paragraph 13 of the Property Settlement Agreement, incorporated in the Final Judgment of Dissolution, provided as follows:
"13. That the Wife specifically agrees to incur no obligations or other indebtedness or expenses that may be chargeable to the Husband, and the Husband specifically agrees not to incur any obligations or other indebtedness or expenses that may be chargeable to the Wife."
The husband filed a petition for modification of the final judgment as pertains to the custody of a minor child, which the wife defended. In denying the husband's petition the trial court held that attorney's fees could not be awarded because of the above quoted provisions of paragraph 13, the court concluded, in part, that
"This paragraph makes no exception for attorney's fees or court costs. The wife has waived statutory rights which were available to her at the time she entered into said agreement."
The law is well established that attorney's fees cannot be awarded unless authorized by statute or agreement of the parties. Lang v. Lang, Fla.App. 1971, 252 So.2d 809. Specific statutory authority exists for the award of attorney's fees in dissolution proceedings "including enforcement and modification proceedings." See sec. 61.16, F.S. Just as the award of attorney's fees is dependent upon express authority to that effect (statute or contract) likewise the waiver of attorney fees should also be dependent upon express language which we find lacking in instant case.[1] In Posner v. Posner, Fla.App. 1970, 237 So.2d 186, dealing with the question of the wife's waiver of attorney fees by language contained in an antenuptial agreement, the court observed, in part:
"... A reading of the pertinent portion of the antenuptial agreement (which was quoted in this court's opinion [206 So.2d 416] reveals that the agreement did not contain an express waiver of attorney fees, and did not deal directly with the matter of attorney fees. In our opinion the wording of the agreement is not such as to show intent of the wife to waive her right to receive attorney fees for services of her attorneys in the divorce suit... ." (at 188).
Accordingly, that portion of the trial court's order on petition for modification determining that attorney's fees may not be awarded because of paragraph 13 of the *685 property settlement agreement is vacated and set aside and the cause remanded to the trial court for such further proceedings as may be deemed appropriate. Nothing contained herein shall be construed as precluding the trial court from considering the financial ability of the parties in determining the matter of attorney's fees. See 10A Fla.Jur., Dissolution of Marriage, sec. 43.
Reversed.
OWEN, C.J., and CROSS, J., concur.
NOTES
[1] It is interesting to observe that by his very action of instituting a petition for modification the husband seemingly violated the provisions of paragraph 13 where he "specifically agrees not to incur any obligations or other indebtedness or expenses that may be chargeable to the Wife". Of necessity, the wife employed an attorney to defend against the husband's petition for modification which expense was chargeable to her.