318 So.2d 434 (1975)
Harold Columbus FISHER, Appellant,
v.
Carole Roberta FISHER and Arthur E. Huttoe, Appellees.
No. 75-401.
District Court of Appeal of Florida, Third District.
July 29, 1975.
Horton, Perse & Ginsberg, Miami, for appellant.
Ronald L. Davis and Stephen Alexander, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an interlocutory appeal filed by the husband Harold Columbus Fisher from an award of a $3,200 attorney's fees to Arthur E. Huttoe, who was consulted by the wife, Carole Roberta Fisher, just prior to the institution of a dissolution of marriage proceeding between the Fishers.
Huttoe contends on appeal that the award is supported by his testimony at an evidentiary hearing held on the matter, as well as that of an expert witness, and no *435 abuse of discretion by the trial court has been made to appear.[1]
The husband, on the other hand, advances two contentions. First, he asserts that as a matter of law Huttoe was not entitled to an attorney's fee paid by the husband because the services performed by Huttoe on behalf of the wife were undertaken prior to the institution of formal proceedings for dissolution of marriage.
Therefore, the husband argues that Huttoe performed no legal services within the purview of Fla. Stat. § 61.16, F.S.A. which would otherwise entitle him to a fee in connection with legal work for "maintaining or defending any proceeding under this chapter ..."
As a second point on appeal, the husband submits that even assuming the fee is authorized by Section 61.16, the fee is excessive.
This latter contention rests upon an assessment of the record. Huttoe testified that he performed approximately 24 hours of legal work on behalf of the wife, apparently during a three-day period from December 24-27, 1974. The record shows that on December 27, 1974 the husband filed his petition for dissolution of marriage.
Thereafter, on January 9, 1975, the wife, represented by a new law firm, not Huttoe, filed her answer and counterpetition for dissolution of marriage.
In between the husband's petition and the wife's counter petition, Huttoe filed on January 3, 1975 his claim for an attorney's fee in the amount of $3,500, attaching a statement for services.
From our examination of this statement and the record of the testimony, it appears that Huttoe's claim included the following work: consultation with Mrs. Fisher and another of her former lawyers; review of an antenuptial agreement entered into on April 25, 1974, three days before the Fishers were married; five hours of legal research; and telephone conversations with the husband's attorney and with Mrs. Fisher.
Also, of the legal research, Huttoe testified that a portion of it was devoted to the propriety of an independent tort action against the husband stemming from an alleged assault upon the wife during coveture. See Bencomo v. Bencomo, Fla. 1967, 200 So.2d 171; Orefice v. Albert, Fla. 1967, 237 So.2d 142, 145.
The remainder of Huttoe's research concentrated on legal issues surrounding the antenuptial agreement.
After a careful review of the record and briefs filed in this case, it is our opinion that Huttoe was not entitled to any attorney's fee from the husband incident to the dissolution of marriage proceeding. Of course, we do not imply that Huttoe may not maintain an independent cause of action against the husband or wife for legal services rendered to her prior to the institution of the dissolution proceeding. See generally, 10A Fla.Jur., Dissolution of Marriage, § 228. Our holding is limited to Huttoe's standing under the statute.
It is merely our view that Huttoe's role with respect to the actual dissolution of marriage proceeding was peripheral, and therefore, he was not legally entitled to an attorney's fee pursuant to Section 61.16. Cf., Spencer v. Spencer, Fla.App. 1974, 305 So.2d 256; Keena v. Keena, Fla.App. 1971, 245 So.2d 665; Scanlon v. Scanlon, Fla. App. 1963, 154 So.2d 899.
The statute providing for attorney's fee in a dissolution of marriage proceeding must be strictly construed. See Kittel v. Kittel, Fla. 1968, 210 So.2d 1.
*436 In the case before us, the only legal service performed by Huttoe which had any connection with the eventual pleadings filed by another law firm for dissolution of marriage was his examination of the antenuptial agreement and some research into the legal validity of the agreement.
We do not believe this connection is substantially related to a dissolution proceeding which from its inception was being handled by another law firm.[2]
Therefore, for the reasons stated and upon the authorities cited, the order appealed is reversed.
Reversed.
NOTES
[1] Huttoe testified that he was entitled to a $3,500 attorney's fee; his expert, Ray Pearson, testified that a reasonable fee would be $3,600.
[2] This factor is an obvious and important distinction between this case and this court's holding in Ochoa v. Ochoa, Fla.App. 1973, 275 So.2d 267, cited by the appellees.