321 So.2d 575 (1975)
ALL-STAR INSURANCE CORPORATION et al., Appellants,
v.
SCANDIA, INC., et al., Appellees.
Nos. 74-726, 74-727.
District Court of Appeal of Florida, Third District.
September 16, 1975.
Rehearing Denied December 2, 1975.
*576 George J. Baya, Miami, for appellants.
Gars & Dixon, Horton, Perse & Ginsberg, Miami, for appellees.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is the consolidation of two appeals by All-Star Insurance Corporation, Parliament Insurance Company, American Home Assurance Company, National Union Fire Insurance Company, Granite State Insurance Company, New Hampshire Insurance Group and Hartford Insurance Company, defendants in the trial court. The first appeal stems from an order granting a motion for directed verdict on which the court reserved ruling, alternatively granting a motion for new trial and a final judgment for the plaintiffs, Scandia, Inc., Scandia of Hialeah and Furniture Frames, Inc. The second stems from an order awarding attorneys fees to the plaintiffs' attorneys.
It is undisputed that on February 9, 1973, there was a fire which caused great destruction to the furniture showroom and warehouse building occupied by the three plaintiff corporations. The plaintiffs filed claims against their seven fire insurance carriers, none of which paid on the policies, and litigation ensued. In the complaint, the plaintiffs alleged that all of the insured contents, improvements, and betterments were destroyed by fire, and they sought to recover the face amount of all of the policies in the sum of $135,000.
A jury trial was held. At the close of the plaintiffs' case, the court denied the defendants' motion for a directed verdict. Later in the trial, the judge struck all but four of the defendants' defenses and stated that "there never has been a defense to the case, and the defense put on in this case by the defendant insurance companies can at best be characterized as frivolous and is an imposition upon this court, the jurors, the time of counsel, and everybody else" and "that in the event that the jury returns a verdict either for the defendants or for the plaintiff in any amount less than the entire amount of the claim, I am going to grant a new trial and we are going to retry this case until the plaintiff recovers every cent to which he is entitled." The subject defenses set forth various violations of the policies, including (a) that Scandia was not the owner of the involved contents and betterments and improvements; (b) that All-Star, American, Granite, New Hampshire, and Hartford do not insure Hialeah and Frames; (c) that Parliament and National do not insure Scandia; (d) that plaintiffs did not render the required proofs of loss; (e) that plaintiffs did not furnish a complete inventory of destroyed, damaged and undamaged property, showing in detail quantities, costs, actual cash value and amount of loss claimed; (f) that plaintiffs failed to produce for examination books of account, etc.; (g) that plaintiffs prevented defendants from examining them under oath by failing to render the required proofs of loss; (h) that the hazard was increased because of various material matters concealed by plaintiffs; (i) that plaintiffs failed to exhibit to defendants the remains of any property; (j) that after the loss plaintiffs secreted and disposed of some of the destroyed and damaged property; (k) that plaintiffs fraudulently concealed material facts; (l) that after the loss plaintiffs fraudulently misrepresented material facts; and (m) that the cost of repairing and replacing the damaged property did not equal or exceed $24,000.00. At the close of all of the testimony, the defendants again moved for a directed verdict which the court denied. The court reserved ruling on the plaintiffs' motion for directed verdict.
The jury returned a verdict in favor of the plaintiffs, finding by special interrogatories, that the defendants did not waive the proof of loss requirement contained in the policies, and damages were awarded in the amount of $65,000. On that same day, the court orally granted the plaintiffs' motion *577 to set aside the verdict and ordered a new trial on the issue of damages only, to begin on the following Monday, at 9:30 A.M. Defense counsel objected since this order was made at 7:45 P.M., on Friday. The defendants moved the court to vacate the order granting a new trial which was denied. The court then entered a written order granting in part, the reserved motion of the plaintiffs for a directed verdict and granting the plaintiffs a new trial on the sole question of damages. The cause again proceeded to trial and the jury returned a second verdict for the plaintiffs in the amount of $60,000. The plaintiffs moved to set aside the second verdict, and two days later, the trial judge granted such motion and set the second verdict aside and entered final judgment in favor of the plaintiffs in the amount of $135,000, the aggregate of the full amount of the policies involved, plus interest. The court also entered an order awarding attorneys fees to the plaintiffs' attorneys in the amount of $30,000. All defendants appeal.
As one of the ten points on appeal, the defendants contend that it was error for the trial judge to set aside the jury verdicts and render final judgment for the plaintiffs since there is ample, competent evidence to support the verdicts. We agree. Although some of the evidence presented in the trial court may be susceptible to different inferences, the jury verdict is entitled to all reasonable inferences to be drawn from the evidence and the verdict is favored with a presumption of correctness. Mansell v. Eidge, Fla.App. 1965, 179 So.2d 624, 626; Anheuser-Busch, Inc. v. Campbell, Fla.App. 1975, 306 So.2d 198. The trial judge evidently found that there was sufficient evidence to submit the case to the jury twice, and therefore, no finding of prejudice being involved, it was improper to set aside the verdicts after they were returned. The record shows that the evidence before the jury supports the verdict; that the first jury found by special interrogatories that the proof of loss requirement had not been waived by the defendants and that there was no finding by the trial court of prejudice or mistake. In light of this, setting aside the verdicts was an abuse of discretion, and under these circumstances, it is incumbent upon this court to reestablish the verdict. See Mansell v. Eidge, supra. As to which verdict to reinstate, we look to Banner Construction Corporation v. Arnold, Fla. App. 1971, 128 So.2d 893, which states that, "It is well settled that a second verdict rendered by a different jury upon substantially the same evidence is entitled to greater weight than the first verdict to like effect." This is true "... even if judges may reach a different conclusion." Bernstein v. Common Markets, Inc., Fla. App. 1974, 298 So.2d 528. Therefore, we reverse and remand to the trial court with directions to reestablish the second verdict.
As to the order awarding attorneys fees in the amount of $30,000 we also reverse and remand. The plaintiffs' attorneys are entitled to recover reasonable attorneys fees based upon established law considering the amount of the judgment on the jury verdict.
Reversed and remanded with directions.