327 So.2d 833 (1976)
Lee RUWITCH and James Seller, Appellants,
v.
FIRST NATIONAL BANK OF MIAMI, Appellee.
No. 75-593.
District Court of Appeal of Florida, Third District.
February 24, 1976.
Horton, Perse & Ginsberg, Miami, for appellants.
Steel, Hector & Davis and Barry R. Davidson, Miami, for appellee.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Appellants, Lee Ruwitch and James Seiler, seek reversal of a final judgment awarding attorneys fees in the amount of $15,000 to the appellee, First National Bank of Miami.
This is the second appearance before the court. See Ruwitch v. First National Bank of Miami, Fla.App. 1974, 291 So.2d 650, in which opinion this court reversed a money judgment in favor of appellees and the insurance company, Insurance Company of North America, in the sum of $120,000, plus attorneys fees in the sum of $17,500 by denying the right of Insurance Company of North America to recover any sum of money against appellants and holding that the bank was entitled to $22,325.56.
The court, in so doing, stated at page 653:
"This leaves a remaining question regarding attorneys' fees. Prior to the trial court's entry of an order, the parties stipulated at a post-trial conference that $17,500 constituted the reasonable value of attorneys' fees, based upon a $120,000 judgment. In light of our holding that the Bank is entitled only to a judgment of $22,352.46, this cause will be remanded to the trial court for additional proceedings to set a reasonable fee based on this latter sum."
The trial court, then, pursuant to the mandate of this court, heard testimony to determine reasonable attorneys fees and entered the judgment herein appealed. While counsel performed extensive and valuable services for the bank, the fee awarded by the trial court does not bear a reasonable relation to the result obtained. We are of the opinion, based on the record and circumstance in this case, that an attorneys fee in the sum of $8,000, based on a $22,356.46 judgment, is reasonable and proper. See Baruch v. Giblin, 1935, 122 Fla. 59, 164 So. 831. The cases are clear that while the opinion of an expert witness testifying on attorneys fees is persuasive, it is not binding on the court in determination of a reasonable fee. Dade County v. *834 Oolite Rock Company, Fla.App. 1975, 311 So.2d 699.
Therefore, we affirm in part, reverse in part and remand with directions to modify the amount of attorneys fees consistent with this opinion.
It is so ordered.