353 So.2d 171 (1977)
ALL-STAR INSURANCE CORPORATION et al., Appellants,
v.
SCANDIA, INC., et al., Appellees.
No. 76-2036.
District Court of Appeal of Florida, Third District.
December 6, 1977.
Rehearing Denied January 9, 1978.
George J. Baya, Miami, for appellants.
Gars & Dixon, Miami, for appellees.
Before HAVERFIELD, NATHAN and KEHOE, JJ.
*172 KEHOE, Judge.
In this case, we are called upon to decide whether the attorneys' fees awarded appellees' counsel were reasonable. We have concluded that the trial judge exercised sound judicial discretion and assessed reasonable fees; therefore, the judgment appealed is affirmed.
In a prior appeal of the case sub judice, All-Star Insurance Corporation v. Scandia, Inc., 321 So.2d 575 (Fla. 3d DCA 1975), this court reversed a directed verdict for the sum of $135,000 entered by the trial court, setting aside a second jury verdict for the sum of $60,000, and reinstated the second jury verdict. Also, the trial court's award of the sum of $30,000 for attorneys' fees, in favor of appellee herein, was reversed and remanded with directions. The trial court was directed that appellees' attorneys were entitled to recover reasonable attorneys' fees based upon established law considering, among other things, the amount of the judgment on the second jury verdict.
Subsequently, pursuant to our mandate, a hearing on the issue of attorneys' fees was held with testimony, other evidence, and arguments being presented by appellants and appellees. Thereafter, the trial judge entered a final judgment awarding, inter alia, attorneys' fees in the sum of $27,300 to appellees. From this part of the final judgment on mandate, appellants appeal. Appellants' basic contention on appeal is that the award of attorneys' fees was unreasonable in light of the final judgment on mandate, dated October 12, 1976, entered by the trial court.
The award of attorneys' fees is within the sound discretion of the trial judge and, in the absence of a clear showing of an abuse of such discretion, an appellate court will not substitute its judgment for that of the trial judge. See, e.g. Krasner v. Krasner, 339 So.2d 674 (Fla. 3d DCA 1976); Ruwitch v. First National Bank, 327 So.2d 833 (Fla. 3d DCA 1976); Pennsylvania National Mutual Insurance Co. v. Doyon, 323 So.2d 677 (Fla. 3d DCA 1976); Dade County v. Oolite Rock Co., 311 So.2d 699 (Fla. 3d DCA 1975), and Belman Hotel Corp. v. Maher, 170 So.2d 591 (Fla. 3d DCA 1965).
In the case sub judice, the trial judge, in light of our mandate issued in All-Star Insurance Corporation v. Scandia, Inc., 321 So.2d 575 (Fla. 3d DCA 1975), held an evidentiary hearing on the issue of attorneys' fees, exercised his discretion, and awarded the sum of $27,300 to appellees. Appellants have demonstrated no clear showing of the abuse of this discretion; therefore, the judgment on mandate entered by the trial judge is affirmed.
Affirmed.