LETTS, Judge.
On appeal is an award, pursuant to Sec. 627.428 Fla.Stat. (1975), of attorneys fees equalling 90% of the total amount payable under the policy. We affirm with directions.
A long recitation of the facts and circumstances of this case will not, in our opinion, provide significant precedent. Suffice it to say that the insurance company denied coverage and the policy holder was required to sue to recover. The insurer contests, not so much the hourly rate of $100.00, but the number of hours, estimated at 200. Furthermore, the insurer also contends that, properly handled, no more than 50 hours attorney’s time need have been expended, regardless of how much actually was expended, and cites numerous examples of what might appear to be incompetence on the part of the insured’s counsel. Lastly, the insurance company claims that some of the legal work involved was not attributable to its recalcitrance, even assuming such existed.
We suspect that one or more of these arguments by the insurer, may be, at least in part, correct, but find no overriding evidence of this in the record, to justify an overturning of the trial judge’s exercise in discretion.
We agree with the Third District that the insurance company should only be required to pay a reasonable fee for necessary representation. Allstate Insurance v. Baer, 334 So.2d 135 (Fla.3d DCA 1976), but do not feel the record demonstrates, conclusively, that the trial judge here ignored the “reasonable” and “necessary” precepts under case law and statute. Nor can we say that fees equalling 90% of any award are conclusively capricious, for it would appear that a competent lawyer might well be required to expend a hundred hours of his time to recover a mere $5,000 from a stubborn and unreasonable insurer. If such were to occur, we would have no hesitation in approving a fee in excess of the award, because, although the amount of the award is a factor, it is not of controlling significance. All-Star Insurance v. Scandia, 321 So.2d 575 (Fla.3d DCA 1975).
The insurance company also argues that the policy holder in this case has already paid his counsel $8,000 in fees out of his own pocket, and that the trial court’s ruling will result in an attorneys fee of $26,000 rather than the $18,000 envisaged by the trial judge. However, there is nothing in the record to demonstrate that such will be the result and we cannot therefore overturn the award for that reason. Notwithstanding, the ethics of the situation, coupled with the nature of the representation, would obviously dictate the refund of the $8,000 unless the insured has agreed to a $26,000 fee. Sec. 627.428 of the Florida Statutes was enacted to protect the public from being squeezed out by the overwhelming economic power and resources of the insurance industry and was not designed to provide windfall profits for the legal profession. The trial court has here determined that a total “reasonable” fee would be $18,000 and we are convinced that the *56 applicable statute presupposes that the insurance company will pay all of that total fee. To think otherwise is to suppose that the legislature foresaw the payment of an unreasonable fee, in addition. Counsel for the insured, at the hearing on his attorneys fees, testified that his 200 hours, for which he has been rewarded by the court, included the setting up of, two estates, necessary interlocking negotiations with a second insurer and, generally, all representation incident to the end result. So be it.
This cause is affirmed, but remanded to • the trial judge for a hearing to ensure that the policy holder is to be reimbursed for the $8,000 he expended, unless, for some unlikely reason, the insured has, with full understanding, specifically agreed to pay this extra sum on top of the $18,000 awarded by the court.
AFFIRMED AND REMANDED IN ACCORDANCE HEREWITH.
ALDERMAN, C. J., and MOORE, J., concur.