365 So.2d 411 (1978)
Sidney ADLER, Appellant,
v.
Etta Mae ADLER and Joan Berk, Appellees.
No. 78-284.
District Court of Appeal of Florida, Third District.
December 5, 1978.
Rehearing Denied January 10, 1979.
*412 Sidney B. Shapiro, Miami, for appellant.
A.B. Freed, Miami, and Jerold Feuer, North Miami Beach, for appellees.
Before HUBBART, KEHOE and SCHWARTZ, JJ.
KEHOE, Judge.
Appellant, respondent below in a dissolution of marriage proceeding, brings this appeal from several orders and a final judgment entered by the trial court. In regard to these orders and judgment, appellant raises three points on appeal. We affirm in part and reverse in part.
Appellant, in his first point on appeal, contends that the trial court erred by permitting appellee Joan Berk to intervene as a party to the action and by allowing her to attack a conveyance of property by appellant to Judith Martinez as being fraudulent. In our opinion this point is without merit and the trial court properly allowed appellee to intervene. Regardless of the answer to the technical question of whether the main action in this cause was pending before the trial court at the time intervention was ordered, the trial court had the discretion to permit intervention in the interest of justice between the parties. Under the facts of this case, as reflected by the record, this discretion was not abused and the intervention was proper. See, e.g., Dickinson v. Segal, 219 So.2d 435 (Fla. 1969); and Wicker v. Board of Public Instruction of Dade County, 106 So.2d 550 (Fla. 1958).
Appellant in his second point on appeal contends that the trial court erred in entering the order dated December 2, 1976, awarding attorney's fees to appellee Berk and in impressing a charging lien against property already conveyed by appellant. In our opinion, this was a final order; therefore, because it was not timely appealed, we are without jurisdiction to consider this point. See, e.g., Hillsboro Plantation v. Plunkett, 55 So.2d 534 (Fla. 1952); and Kucera v. Kucera, 330 So.2d 36 (Fla. 4th DCA 1975).
Appellant in his third point on appeal contends that the trial court erred in awarding attorney's fees to Jerold Feuer, attorney for the intervenor, and taxing the fees against him. In our opinion, the trial court did err in awarding these attorney's fees. It is axiomatic that attorney's fees cannot be properly awarded unless authorized by agreement of the parties or imposed statutorily. Based on the facts as reflected by the record in this case, the attorney's fees were not within any statutory entitlement and the parties did not agree to this payment. Accordingly, the attorney's fees were improperly awarded. See, e.g., Fisher v. Fisher, 318 So.2d 434 (Fla. 2d DCA 1975; and Scott v. Scott, 303 So.2d 683 (Fla. 4th DCA 1974).
Affirmed in part; reversed in part.