PER CURIAM.
Lumbermens Mutual Casualty Company appeals an award of $20,000 in attorney’s fees to the insureds’ attorney' on the ground that the amount of the award is excessive.
Lumbermens Mutual Casualty Company filed a complaint for declaratory judgment seeking a determination as to whether defendant Victor Quintana was a member of the household of co-defendant Olga Gonzalez to whom Lumbermens had issued an automobile liability insurance policy which provided uninsured motorist coverage for a relative of the name insured who is a resident of the same household as the insured. Lumbermens took the position that Victor Quintana was not a resident of the household of Olga Gonzalez, its insured, on the date Quintana was struck by an uninsured motorist and, therefore, was not entitled to such benefits under the policy issued to Gonzalez. Quintana counterclaimed seeking a determination that he was entitled to both the uninsured motorist and no-fault[1] provisions of the policy. Quintana also prayed that the court compel arbitration and award attorney’s fees. The uninsured motorist provision provided up to $10,000 in coverage, and the no-fault or personal injury protection provided a maximum of $5,000. At the conclusion of the trial the court granted the motion for directed verdict of Quintana and Gonzalez and a final declaratory judgment was entered in their favor. They then moved to assess costs and attorney’s fees. After a hearing, the court awarded Quintana and Gonzalez $20,000 in attorney’s fees. We reverse.
One of the factors to be considered as a guide in determining the reasonableness of an attorney’s fee award is the beneficial results, if any, of the services. *530 Provus v. Provus, 44 So.2d 656 (Fla.1950). The fee awarded must bear a reasonable relationship to the results obtained. Ruwitch v. First National Bank of Miami, 327 So.2d 833 (Fla. 3d DCA 1976). The amount of the award should square with fairness and justice to all alike under similar conditions and circumstances. Donner v. Donner, 281 So.2d 399, 401 (Fla. 3d DCA 1973). In the case at bar the total liability of Lumbermens was $15,000 and under the record presented the $20,000 attorney’s fee award does not bear a reasonable relationship to the result obtained (i. e. a judgment determining that Quintana was entitled to the uninsured motorist and personal injury protection benefits) which at the maximum could only total- $15,000. Cf. Ruwitch, supra, and Allstate Insurance Company v. Baer, 334 So.2d 135 (Fla. 3d DCA 1976).
We further note that the “time affidavit” relied upon by the attorney for Quin-tana and Gonzalez and their expert witness included time spent by an investigator, secretary and law associate. In addition, some of the time included in the affidavit[2] had to do with filing insolvency forms pertaining to another insurance company.
We find that under the standards set out in the above cited cases and Baruch v. Giblen, 122 Fla. 59, 164 So. 831 (1936) the record is insufficient to support the $20,000 award. Accordingly, the award is reversed and the cause remanded to the trial court for further hearing on the motion to assess attorney’s fees.
Reversed and remanded.

. Personal injury protection benefits.

. This “time affidavit” was not introduced into evidence.