HERSEY, Judge.
The City of Riviera Beach appeals from a final judgment and various non-final orders. The primary question to be determined is the correctness of an award of attorneys’ fees to appellee. We turn first to a consideration of certain procedural matters.
A final order was entered on July 31, 1979 awarding the sum of $15,000 to appellee pursuant to an oral stipulation made in open court. There was no motion for rehearing. Notice of appeal filed October 17, 1979 was therefore untimely.
The order of July 31, 1979 reserved jurisdiction for the purpose of assessing costs and attorneys’ fees. Subsequently, appellee filed a motion to tax costs and for attorneys’ fees which was objected to by the City. On September 12, 1979 the court denied the City’s objections and rehearing on that order was denied on September 19, 1979. Because the motion for rehearing does not toll the time for taking an appeal from the non-final order of September 12, 1979, the notice of appeal of October 17, 1979 was untimely.
On October 22, 1979 the trial court entered an order requiring the City to pay appellee’s attorneys’ fee in the amount of $6,500. This order was timely appealed. Appellant contends that this order is erroneous because the City cannot properly be compelled to pay attorneys’ fees here or, in the alternative, that the amount of the award is excessive.
First, the City maintains that attorneys’ fees were taxed against it pursuant to Section 627.428 Florida Statutes (1979) and since the City is not an insurer, the statute does not apply and the award is therefore erroneous. The record discloses that the award was made, not,on the basis of the statute, but pursuant to an oral stipulation made in open court. The contents of that oral stipulation were disputed by the parties but the trial court specifically determined that the City, in tfie stipulation, agreed to pay attorneys’ fees.
Second, the amount of the award was supported by competent, substantial evidence. One expert testified that $3,500 would be a reasonable fee, but another, whose qualifications as an expert were readily conceded by the City, testified that an appropriate fee would be $6,500. This figure was based upon the gross amount of the recovery ($15,000 plus reasonable attorneys’ fees) as provided in the contingency fee contract between appellee and his counsel. Consideration was also given to the contingency nature of the case, the difficulty of issues involved, the amount of time expended and the skill and knowledge of appellee’s attorneys.
Absent a clear showing of abuse of discretion, an award of attorneys’ fees will not be disturbed on appeal. All-Star Insurance Corporation v. Scandia, Inc., 353 So.2d 171 (Fla. 3rd DCA 1977).
No such abuse of discretion being demonstrated here, we find the award adequately supported by the record and therefore affirm.
AFFIRMED.
LETTS, C. J., and DOWNEY, J., concur.