JOHNSON, CLARENCE T., Jr., Associate Judge.
Appellant, attorney for the co-personal representatives, appeals the amount of attorney fees awarded to him by the trial court.
Appellant had no fee agreement with his clients and kept no time records. He filed an affidavit reflecting the services he had performed and estimated they amounted to over 450 hours. This total included “innumerable hours” going through personal papers and effects, “numerous hours” devising the appropriate division of decedent’s coin and money collection, and “in excess of 150 hours” discussing various aspects of the es *64 tate proceedings with one of the co-personal representatives, at appellant’s home.
The trial court, after hearing testimony of appellant, the two co-personal representatives, and two attorneys called as experts, agreed with appellant that $85.00 per hour was reasonable, but found “that 250 hours would have been a reasonable time to have devoted to the work of this estate.”
Appellant argues that since the attorneys called as experts supported his estimated hours, the trial court was required to accept that testimony as conclusive and find the 450 hours reasonable. Such is not the law. While the opinion of an expert witness testifying on attorney’s fees is persuasive, it is not binding on the court in the determination of a reasonable fee.[1] Such testimony is to be weighed with the other evidence in the case bearing upon the value of the services.[2]
No error having been demonstrated, the order appealed from is
AFFIRMED.
COBB and COWART, JJ., concur.

. See, e.g., Ruwitch v. First National Bank of Miami, 327 So.2d 833 (Fla. 3d DCA 1976); Manatee County v. Harbor Ventures, Inc., 305 So.2d 299 (Fla. 2d DCA 1975).

. Romy v. Dade County, 114 So.2d 8, 9 (Fla. 3d DCA 1959).