PER CURIAM.
Singer appeals a final judgment awarding Florida Paving Company, Inc. [Florida Paving] damages for breach of contract and an order denying him attorney’s fees. Finding that the judgment and order are not appealable, we do not reach the merits of the trial court’s rulings.
The action below was predicated upon Singer’s failure to pay Florida Paving the total contract price upon which the parties agreed for the installation of a new driveway. Singer filed a compulsory counterclaim, alleging damages resulting from Florida Paving’s improper installation of the driveway. Although the counterclaim was dismissed as untimely, Singer was permitted to maintain an independent action on the claim. Singer v. Florida Paving Co., 459 So.2d 1146 (Fla. 3d DCA 1984) (dismissed counterclaim may be refiled as independent action while initial lawsuit pending). That action remains pending.
In Miami-Dade Water & Sewer Authority v. Metropolitan Dade County, 469 So.2d 813 (Fla. 3d DCA 1985), we reiterated the pertinent principle:
In determining the finality of an order, judgment, or decree, the test employed by the appellate court is whether the order appealed constitutes an end to the judicial labor in the trial court, and nothing further remains to be done to terminate the dispute between the parties directly affected. S.L. T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla.1974); SCI, Inc. v. Aneco Co., 410 So.2d 531 (Fla. 2d DCA *189 1982). Generally, piecemeal appeals will not be permitted where claims are legally interrelated, involve, in substance, the same transaction, and where the same parties remain in the lawsuit. S.L.T. Warehouse Co.; SCI, Inc.; Collins v. Hunt, 404 So.2d 375 (Fla. 4th DCA 1981).
Singer’s claim against Florida Paving and Florida Paving’s claim against Singer are based on “intertwining and interrelated factual and legal issues.” Miami-Dade Water & Sewer Authority at 814. The pendency of the remaining claim renders the appeals premature. We therefore hold that the judgment and order in question are not appealable.
Appeals dismissed.