WIGGINTON, Judge.
This consolidated cause is before us on appeal from an order awarding attorney’s fees pursuant to section 57.105, Florida Statutes, and by way of an interlocutory appeal from a partial summary judgment entered in appellee Little’s favor on the issue of liability. Because Case No. BJ-125 is a nonappealable nonfinal order, we dismiss the appeal from the order awarding fees. Further, though an authorized appeal from an interlocutory order, we reverse the partial summary judgment in Case No. BJ-320.
The precipitating event of this cause was appellant Crest Pontiac’s selling of two vehicles owned by appellees and offered by them as trade-ins toward the purchase of a used Fiat automobile for Little. Prior to the selling of the vehicles, the parties were engaged in a flurry of negotiations and paperwork, most of which was initiated by Robinson while Little was in the hospital. Unfortunately, the deal soured when Little was ultimately denied credit approval from various lending institutions. Upon discovering that the trade-in vehicles had been sold, Little and Robinson filed a complaint against appellants alleging breach of a bailment agreement, and violations of various and sundry statutory sections pertaining to consumer transactions as well as to conversion, theft, forgery, false notarization, and perjury. Crest in turn filed a counterclaim against appellees alleging entitlement to specific performance of an alleged agreement to purchase the Fiat; breach of the purchase agreement; and breach of the bailment agreement.
In return, appellees filed a motion to strike the counterclaim as sham, alleging, inter alia, that Little did not sign any purchase agreement or power of attorney authorizing the transfer of her interest in one of the trade-in vehicles that Crest sold. At the evidentiary hearing on the motion, everyone, including Little, denied signing Little’s name on the power of attorney. In the depositions no one could recall any specific details of the transaction, but Crest’s witnesses emphatically maintained that Little knew exactly what was going on and ratified Robinson’s actions on her behalf, while appellees just as emphatically denied Little’s involvement in the deal.
*902 The trial court entered an order striking the counterclaim as sham against Little and granted Little’s motion for attorney’s fees based on section 57.105. It shortly thereafter also granted Little’s motion for partial summary judgment as to liability against appellants on all counts of the amended complaint. What therefore remains pending below is Robinson’s case on the complaint and Crest’s counterclaim against Robinson, and the issue of damages to which Little may be entitled. It is because of this posture that we must dismiss the appeal from the fee award.
Crest did not appeal the court’s order striking its counterclaim, as it correctly recognized that it is a nonappealable non-final order. The subject of the counterclaim arose out of the same transaction and occurrence as the main complaint, and the order striking it did not constitute an end to the judicial labor in the cause as between appellants and Little. S.L.T. Warehouse Company v. Webb, 304 So.2d 97 (Fla.1974); but cf. Sarasota Cloth Fabric & Foam, Inc. v. Benes, 482 So.2d 574 (Fla. 5th DCA 1986). Consequently, the order awarding attorney’s fees is similarly not appealable. Cf. Singer v. Florida Paving Company, 469 So.2d 188 (Fla. 3d DCA 1985); Department of Professional Regulation v. Rentfast, Inc., 467 So.2d 486 (Fla. 5th DCA 1985).[1]
As regards the partial summary judgment entered in Case No. BJ-320, we hold that the several counts are rife with issues of credibility. The allegations raise genuine issues of material fact as to at least the subjects of forgery, agency, and consent, all of which issues were inappropriately resolved at this point by the trial court sitting in the stead of a jury.
Accordingly, we reverse and remand the cause for further proceedings.
ERVIN and BARFIELD, JJ., concur.

. We distinguish this issue from that involved in Adler v. Adler, 365 So.2d 411 (Fla. 3d DCA 1978), a case relied on by appellants in their response to our order to show cause why the appeal should not be dismissed. The order in Adler was held appealable for essentially the same reason that the order in Hatch v. Minot, 369 So.2d 974 (Fla. 2d DCA 1979), was held appealable, that being that it was an order entered in a matter collateral to the main action. See also Kucera v. Kucera, 330 So.2d 36 (Fla.4th DCA 1975); Hastings v. Osius, 104 So.2d 21 (Fla.1958). We are not herein faced with a similar situation.