# SANTA v FREEMAN

Case No. 90-28097 (22)

Seventeenth Judicial Circuit, Broward County

February 27, 1991

## APPEARANCES OF COUNSEL

**Philip Michael Cullen, III, Esquire,** for appellant.

**Richard Alan Radis, Esquire,** for appellees.

## OPINION OF THE COURT

ROBERT C. SCOTT, Circuit Judge.

### *FINAL ORDER AFFIRMING LOWER COURT*

This Cause came before this Court as an appeal from County Court of a Final Judgment entered on August 21, 1990 Taxing Attorney's Fees and Costs against Appellant CYNTHIA M. SANTA in favor of Appellees ROY M. FREEMAN and SARAH M. FREEMAN, and the court having heard oral argument, having reviewed the relevant portions of the record, and being otherwise fully advised in the premises, it is

ADJUDGED as follows:

36

Appellant, Defendant in the lower court action, seeks reduction of an award of attorneys fees in the amount of $1,250 to Appellee. Appellant contends that the evidence before the trial court regarding fees was insufficient to support the alleged excessive award.

Regarding a trial court's award of attorneys fees, the function of the appellate court is to examine the record and determine if there is substantial competent evidence to support the trial court's exercise of discretion in the amount awarded. Absent a clear showing of abuse of discretion, an award of fees will not be disturbed on appeal. *City of Riviera Beach v Clark,* 388 So.2d 1101 (Fla. 4th DCA 1980); *Tietig v Kusik,* 279 So.2d 890 (Fla. 3d DCA 1973).

The trial court had before it several affidavits submitted both from the attorneys involved in the case as well as from expert witness attorneys attesting to reasonable fees.

Attorney Cullen, for Appellant SANTA, submitted his affidavit reflecting a total time spent of 9.9 hours at $135/hr for a total fee amount of $1,336.50. Attorney Bernstein, for original Defendant REILLY, submitted his affidavit setting forth a total time spent of 9.25 hrs. at $165/hr for a total fee amount of $1,526.25. Two attorneys attesting as expert witnesses for attorney Bernstein suggested reasonable attorney fees to be awarded Berstein in the amount of $1,500 and $1,650 respectively.

Two attorneys submitted affidavits on behalf of Appellee's attorney Radis, one at the amount of $650 and one at $750. Appellees' attorney Radis filed his affidavit listing a total time spent of 9 hrs, 38 mins. Radis did not set forth an hourly rate or a total fee amount. Notably, attorney Radis spent an additional 1 hr, 35 mins. work after the filing of the affidavits of his two witnesses. The lower court awarded $1,250 in attorneys fees to Appellees.

Appellant asserts that the lower court was obligated to accept the affidavits of attorney Radis' expert witnesses and accordingly cap the fee award at $750. However, the law in Florida is that while the opinion of a witness regarding fees is persuasive, it is not binding on the court in the determination of a reasonable fee. Such evidence is to be weighed with other evidence in the case bearing upon the value of the services. See *In Re Harrell's Estate,* 426 So.2d 63 (Fla. 5th DCA 1983); *Ruwitch v First National Bank of Miami,* 317 So.2d 833 (Fla. 3d DCA 1976).

All three attorneys involved in the case submitted affidavits reflecting nearly identical amounts of time expended. The nature of the work

**37**

performed was also relatively identical. The fee award to Appellees/Plaintiffs was less than the amounts requested by each Defendant.

Appellant has failed to demonstrate reversible error; the fee award of $1,250 to Appellees/Plaintiffs was adequately supported by the record. Accordingly, the judgment appealed from is hereby AFFIRMED.

DONE AND ORDERED in Fort Lauderdale, Florida, on February 27, 1991.