PER CURIAM.
This appeal is dismissed for lack of jurisdiction. The order appealed, one requiring *143 a developer to turn over control of the unit/owners’ association, was entered July 9, 1992. Although appellants’ motion for rehearing was timely served, the non-final order is not one for which rehearing is authorized by Rule 1.530 Florida Rules of Civil Procedure. Consequently, the filing of that motion did not have the effect, under Rule 9.020(g), Florida Rules of Appellate Procedure, of tolling the rendition date of the order. Thus, the notice of appeal, while filed within thirty days of the date the court entered an order denying the motion for rehearing, was filed more than thirty days after the July 9th order was rendered, and was therefore untimely. Colin v. State Department of Transportation, 423 So.2d 1020 (Fla. 4th DCA 1982); City of Riviera Beach v. Clark, 388 So.2d 1101 (Fla. 4th DCA 1980).
Appeal dismissed.
POLEN and FARMER, JJ„ and OWEN, WILLIAM C., Jr., Senior Judge, concur.